Nicholl v. Mason.

## Nicholl *vs.* Mason & Spaulding.

In pleading a judgment rendered by a justice, it is not necessary for the purpose of showing jurisdiction in the magistrate to allege that a *plaint* was levied or *process* issued; it is enough if facts be averred showing that he had jurisdiction over the persons of the parties and the subject matter of the action.

A suit cannot be *abated* by a plea that another action for the same cause was *afterwards* commenced; but a judgment in such second suit, in favor of the plaintiff may be pleaded *in bar* of a recovery for the same cause of action.

On demurrer to a plea *puis darrien continuance*, it cannot be objected that it is not verified by affidavit, nor that it is accompanied by another plea; such questions can be raised only on motion.

Demurrer to plea. The plaintiff declared in *assumpsit.* The first count of the declaration was on a *joint* and *several* note made by the defendants for the sum of $45, payable to the plaintiff. The declaration was of *July term,* 1834; and on the sixth day of *December* following, *Mason* one of the defendants, pleaded, first, *non-assumpsit* to the whole declaration; and *secondly,* to the first count, that the plaintiff ought not *further to have or maintain* his action, &c., because after the commencement of this suit, and after the last continuance thereof, to wit, on 15th November, 1834, at, &c., the plaintiff sued him, Mason, before a justice of the peace, for the same cause of action specified in such count, that the parties appeared, that issue was joined and the action tried before the justice, and judgment rendered on the merits in favor of the defendant Mason. To the second plea the plaintiff demurred, assigning for causes of demurrer, 1. That this plea, *puis darrien continuance,* is pleaded with non-assumpsit; 2. That it not verified by affidavit; 3. That sufficient is not stated to give the justice jurisdiction; 4. That the plea contains no proper traverse,

Nicholl v. Mason.

is not capable of traverse, &c.: to which was added, on the
argument, the objection, 5. That a subsequent action can-
not be pleaded in bar of an action previously commenced;
that the pendency of this should have been set up as a de-
fence to the suit before the justice; and 6. That a judgment
in an inferior court does not bar an action in this court.
*Joinder* in demurrer.

*A. C. Hand,* for the plaintiff.

*D. E. Wheeler,* for defendant.

*By the Court,* BRONSON J. If the second were strictly
a plea *puis darrien continuance,* the objections that it is
pleaded with another plea, and is not verified by affidavit,
could not be taken in this form. On demurrer there is no
inquiry about collateral facts; the only question is, whether
the pleading is good upon its face. But these objections
would not prevail on motion. When matter of defence
arises *after* plea, and is pleaded *puis,* it is a waiver of the
defence originally set up, and the plea should, in some cases
be verified by affidavit. But here there had been no *prior*
issue. The defendant was pleading in bar for the first time;
and in such a case I know of no rule which either required
him to swear to the plea, or precluded him from setting up
as many different defences as he might happen to have.

In pleading the judgments and proceedings of inferior
courts, it is not enough to aver generally that the court had
jurisdiction; facts must be stated which show that the court
had jurisdiction. *Cleveland* v. *Rogers,* 6 Wendell, 438.
*Sheldon* v. *Hopkins,* 7 id. 435. A *declaration* on a justice's
judgment has, in modern times, been excepted from the ope-
ration of this rule. *Smith* v. *Mumford,* 9 Cowen, 26. *Stiles*
v. *Stewart,* 12 Wendell, 473. Although this is a *plea,* and
falls within the general rule, it can, I think, be upheld. It
is not only averred in general terms that the cause of action
was within the jurisdiction and cognizance of the justice,
but *facts* are stated which show that the averment is true.
The allegation is, that the party was impleaded *for the same*

Nicholl v. Mason.

*cause of action mentioned and specified in the first count of the declaration.* That was a promissory note; a subject matter clearly within the cognizance of the justice. Then, as to jurisdiction over the person, although the pleader has not followed the precedents, and alleged that a plaint was levied, or process issued, he has averred that *the parties appeared* in the action, and that upon *issue joined* therein, the same was then and there tried before the justice. A voluntary appearance and joining issue, without process, is sufficient. This plea, then, states facts which show that the justice had jurisdiction over the person of the parties and the subject matter of the action; and that is enough.

The pendency of another suit for the same cause of action may be pleaded in *abatement* of a suit *subsequently* commenced; but the converse of the proposition does not hold true. The *original*, or *first* suit, cannot be abated by a plea that another action for the same cause was *afterwards* commenced. *Renner* v. *Marshall*, 1 Wheat. 215. But this doctrine does not overturn the plea. The defendant does not set up mattter in abatement, but in bar of the action. He does not plead the *pendency* of another suit, but a *judgment rendered.* The plea does not go to the *form* of the remedy, but to the right of the plaintiff. It shows that the cause of action which the plaintiff once had is gone forever. I can see no good reason why the defendant should not be at liberty to set up this, as well as any other bar to the further maintenance of the action, which may have arisen since suit brought. It is true that he might have pleaded in abatement before the justice; but the omission to do so, cannot be construed into a waiver of the right to set up matter in bar which had not then arisen. He has omitted no opportunity of pleading the trial and judgment before the justice; and that judgment is none the less conclusive because the defendant might have got rid of the action in another way. If the plaintiff had recovered on the former trial, he would hardly think of maintaining this action. It would be giving him two judgments against the same party for one debt. But the question now is the same, in principle, as it would be if the

plaintiff had recovered before the justice. The original
cause of action is merged and gone—not because the one
party or the other prevailed on the former trial; but be-
cause the right has been tried, and adjudged one way or
the other.

The judgment of an inferior court, acting within the
scope of its powers, is no less conclusive than the judgment
of a court of general jurisdiction. The plea is, I think,
sufficient both in form and substance.

Judgment for defendant.