Taylor *vs.* Smith.

No. 13.—WILLIAM TAYLOR, plaintiff in error, *vs.* A. W. & M. N. W. SMITH, defendants.

[1.] A verdict and judgment rendered in favor of a defendant, which is afterwards set aside, is no bar to a subsequent suit between the same parties, for the same cause of action.

[2.] The Act of 1801, which authorizes three or more of the Justices of the Inferior Court to preside in all cases in which the Judges of the Superior Courts are parties, or interested, is constitutional.

Assumpsit, in Randolph Superior Court.

For the facts in this case, refer to the opinion of the Court.

JONES, BENNING & JONES, for plaintiff in error.

H. HOLT, for defendants.

*By the Court.*—WARNER, J. delivering the opinion.

From the record in this cause, it appears on the 15th day of January, 1845, the defendants in error instituted an action of assumpsit in the Superior Court of Randolph county, against the plaintiff in error, on a promissory note for the sum of six hundred and forty-nine dollars.

On the trial of the cause the note was read in evidence to the jury, and the plaintiff in error, who was the defendant in the Court below, offered in evidence what purported to be a record from the Superior Court of the county of Early, of a suit between the same parties, on the same note, from which it appears that at February Term of the Court, in the year 1842, " Paul McCormick and others, Justices, were present," and a verdict was rendered for the defendant, Wm. Taylor, and judgment for the cost entered up against the plaintiffs in that suit. The plaintiffs in the Court below then offered in evidence, by way of rebuttal to the defendant's evidence of a former recovery, a further exemplification from the records of the Superior Court of Early county, by which it appeared, that after the verdict had been rendered in favor of the defendant, and the judgment for the costs, a motion was made to set aside the verdict, and judgment on several

grounds, of which the following only will be noticed:—Because it appears that the defendant was the presiding Judge of the Superior Court, at the term of the Court when the same was rendered and obtained, and therefore could not preside in his own cause, on account of his interest. Second, because the Justices of the Inferior Court of no county can preside, and exercise jurisdiction in the Superior Court, the statute attempting to give such jurisdiction being unconstitutional; and third, because the minutes of the Court do not shew there was a quorum of the Justices of the Inferior Court present at the time said proceedings were had; and because the Justices who presided did not attest that part of the minutes of the Court which occurred during their administration, but that the same is attested by the defendant, who is interested.

On hearing the motion to set aside the verdict and judgment, the Court ordered the same to be set aside, and that the cause stand as if no verdict or judgment had ever been had in the cause. The plaintiff on the 20th day of March, 1846, dismissed his suit.

After the two exemplifications from the records of the Superior Court of Early had been read in evidence, which were designated as numbers *one* and *two*, the defendant requested the Court to charge the Jury to find for the defendant, if they should believe that the judgment set forth in the record, No. 1, had been in truth and in fact, as therein set forth, rendered in favor of said defendant against said plaintiffs, which charge, the said plaintiffs insisted should not be given, and thereupon the said Court, then and there so refused to charge, and thereupon the defendant excepted.

The Court then charged the Jury, that the judgment set forth in the record No. 1, was utterly void, and of no effect, and was no bar or defence to said suit, because the Act of the General Assembly which provides, that in all cases brought in the Superior Courts, or either of them, where either of the Judges thereof shall be a party, or interested therein, it shall be the duty of three or more of the Justices of the Inferior Court to preside at the trial of the same, was unconstitutional and void, and because the said judgment had been reversed, and set aside, as is set forth in the record No. 2; whereupon the defendant excepted; and now assigns the same for error in this court.

Taylor *vs.* Smith.

From the imperfect and confused state of the records in this case, we understand that a suit was instituted in the Superior Court of the county of Early, by the plaintiffs below, against the defendant, who was at that time one of the judges of the Superior courts of this State; that on the trial of the cause, the justices of the Inferior Court were called in to preside, and a verdict was rendered for the defendant. Afterwards, that verdict and judgment was set aside by the Superior Court of that county.— On the trial of the cause in Randolph, the court was requested to charge the jury that the judgment rendered in Early in favor of the defendant, was a bar to the plaintiffs' suit; which the court refused to do, but charged the jury that judgment was void and of no effect, and was no bar to the plaintiffs' suit, for the reason it had been set aside and reversed, and for the additional reason the act of the General Assembly, which authorised the justices of the Inferior Court to preside in cases in which the judges of the Superior Courts were parties, or interested, was unconstitutional and void.

[1.] The judgment, it appears, had been set aside and reversed by a court of competent jurisdiction, and consequently was no bar in law to the plaintiffs' action and for that reason the instruction asked by the defendant was properly refused by the court, and for the same reason, there was no error in the instructions given by the court to the jury; but we do not think the *reason* given by the court as to the unconstitutionality of the Act of the general assembly, was a legal or valid reason.

[2.] The Act of 1801, which provides, "In all cases brought in the Superior Courts, or either of them, where either of the judges thereof shall be a party, or interested therein, it shall be the duty of three or, more of the justices of the Inferior Court to preside at the trial of the same," is, in our judgment, constitutional. *Prince's Dig.* 433.

The judicial powers of this State are vested by the constitution in a Supreme Court, for the correction of errors, a Superior, Inferior, and Justice's Courts, and in such *other courts* as the Legislature shall, from time to time, ordain and establish.

The Act of 1801 creates a court for the trial of causes, in which a judge of the Superior Court may be a party, or interested.— Special jurisdiction is conferred by the Act on three or more of the justices of the Inferior Courts, for the trial of certain specified

causes.   It was competent for the General Assembly in our judgment to ordain and establish a tribunal for the trial of causes in which a judge of the Superior Court is a party or interested.— The judgment of the court below, we are of the opinion, should be affirmed, but not for the reason that the Act of 1801 is unconstitutional.   The judgment of the court in Early, may have been properly set aside on other grounds.   How that was, we cannot now determine, as it was set aside by a court of competent jurisdiction, and has not been reversed; we must give effect to it, as we find it in the record, and cannot avoid it on the ground that the court may have given an invalid reason for setting the judgment aside.

Let the judgment of the court below be affirmed.