## THE STATE v. ROBERT A. RUTHERFORD.

The indictment contains two counts. The second is obnoxious to criticism; and may have been properly quashed. But the first count appears to contain every essential requisite of a good indictment. * * * That there may have been a bad count in the indictment afforded no reason for quashing that which was good. (King v. The State, 10 Tex. R. 281.)

Where the indictment charged the defendant with making an assault with intent to kill and murder, with a certain gun charged with gun powder and leaden bullets, which he discharged at the person assaulted, it was held that the count was not bad for failing to state that the defendant used a "deadly weapon" in making the assault, or that the gun was a deadly weapon.

Appeal from Bastrop. Indictment for an assault with intent to kill and murder, as follows: " In the name and by the " authority of the State of Texas, the Grand Jurors, good and " lawful men, * * * * *, on their oaths present, that " Robert A. Rutherford, late of Bastrop county, lawyer, with " force and arms, in the county aforesaid, on the fourteenth " day of February, *Anno Domini* one thousand eight hundred " and fifty-three, in and upon the body of one Green F. Wood- " ward, an assault did make, and a certain gun, which he the " said Robert A. Rutherford in his hands then and there had

" and held, which said gun as aforesaid was charged with
" gunpowder and leaden bullets, he, the said Robert A.
" Rutherford, did discharge and shoot off, to, at and against
" him the said Green F. Woodward, with the intent him the
" said Woodward, feloniously, wilfully and maliciously to
" kill and murder, contrary to the form of the statute, &c.

" And the grand jurors aforesaid, on their oaths aforesaid,
" further present, that R. A. Rutherford aforesaid, lawyer, with
" force and arms, in the county aforesaid, on the fourteenth day
" of February, A. D. one thousand eight hundred and fifty-
" three, in and upon the body of one Green F. Woodward, an
" assault did make, and with a certain gun charged with gun-
" powder and leaden bullets, which he in his hands held, he,
" the said Rutherford, by discharging and shooting off the
" gun aforesaid, to, at and against the said Woodward, then
" and there attempted feloniously and wilfully, him, the said
" Woodward, to kill and manslaughter, contrary to the form
" of the statute," &c.

The defendant moved " to quash the first count in the
" said indictment for the following reasons, to-wit: 1st. Be-
" cause said first count is too vague, uncertain and indefinite to
" compel this defendant to answer or plead thereto.    2nd.
" Because there is no averment in said first count, that this
" defendant used any deadly weapon upon the said Green F.
" Woodward, or that the gun that this defendant is charged
" with shooting at the said Green F. Woodward was a dead-
" ly weapon ;" and further moved " the Court to quash the
" second count in said indictment for the following reasons :
" 1st. Because said second count does not charge this defend-
" ant with a violation of any provision of the penal law of this
" State.    2nd. Because said second count is so vague, uncer-
" tain and indefinite that he is unable to understand what he
" is called upon to defend."    3rd. The same objection as the
second to the first count.    4th. Because said second count
charges this defendant with assaulting one individual and
shooting another.    5th. Because there is no such offence known

to the law of this State as an assault with intent to kill and manslaughter; that being the only offence charged in said second count, the same is void.

The motion to quash was sustained and judgment rendered that the defendant go hence without day; and the plaintiff appealed.

*Attorney General*, for appellant.

*Chandler* and *McFarland*, for appellee.

WHEELER, J. The defendant was indicted for an assault with intent to murder. There was a motion to quash the indictment, which was sustained. The indictment contains two counts. The second is obnoxious to criticism; and may have been properly quashed. But the first count appears to contain every essential requisite of a good indictment. It unnecessarily states the manner of the assault; but that cannot be an objection to its sufficiency. It is not perceived upon what ground the motion to quash was sustained as to this count. It does not vary materially from approved precedents; and is, we think, legally sufficient. That there may have been a bad count in the indictment afforded no reason for quashing that which was good. (King v. The State, 10 Tex. R. 281.) We are of opinion that the Court erred in its judgment sustaining the motion to quash as to the first count; and that the judgment, therefore, be reversed and the cause remanded for further proceedings.

Reversed and remanded.