## ROGERS *v.* ODELL.

A judgment of the Superior Court of Massachusetts for the same cause of action may be pleaded in bar of a further maintenance of an action of assumpsit in this State, the judgment having been rendered during the pendency of the suit here; and the matter being pleaded before any other plea filed in the cause, need not be pleaded strictly *puis darrein continuance.*

Nor is it necessary to allege jurisdiction in the Massachusetts court, that being presumed until the contrary is shown by way of defence.

ASSUMPSIT. The writ was dated April 6, 1857, and contained a count upon an account annexed, and a general count for goods sold.

Rogers *v.* Odell.

At the October term, 1858, of the court, the defendant offered the following plea:

"And now this defendant comes and defends, &c., when, &c., and says that the said plaintiff ought not further to have or maintain his aforesaid action thereof against him, because he says that heretofore, to wit, at a term of the Superior Court, holden at Boston, within and for the county of Suffolk and commonwealth of Massachusetts, on the first Tuesday of May, A. D. 1857, the said plaintiff impleaded him, the said defendant, 'in an action of contract' on promises, to the damage of the said plaintiff in the sum of $400, for not performing the very same identical contract or promises in the said declaration mentioned; and such proceedings were thereupon had that afterwards, to wit, at the January term, 1858, of the same court, holden at said Boston, within and for said county of Suffolk, on the fourth day of February, 1858, the said plaintiff, by the consideration and judgment of the said court, recovered in the said action against the said defendant the sum of $242 for his damages, which he had sustained by reason of the not performing the very same identical contract or promises in the above said declaration mentioned, together with the sum of $117.20, costs of suit, whereof the said defendant was convicted, as by the record thereof, now remaining in the said Superior Court for said county of Suffolk, more fully appears; which said judgment still remains in full force and unreversed; and that since the last continuance of this suit, to wit, on the 13th day of March, A. D. 1858, the said plaintiff sued out a writ from the office of the clerk of the Court of Common Pleas, within and for said county of Rockingham, against him, the said defendant, upon the aforesaid judgment, returnable to the April term, A. D. 1858, of said court, at which term of said Court of Common Pleas the said suit upon said judgment was entered, and is still pending therein, undetermined, as by the

records of said court more fully appears; and this the said defendant is ready to verify. Wherefore he prays judgment if the said plaintiff ought further to have or maintain his action aforesaid thereof against him, and for his costs.

By his attorney, J. HAMILTON SHAPLEY."

To the reception of this plea the plaintiff objected, upon the ground that it sets forth facts within the knowledge of the defendant at the February term, 1858, and should have been pleaded then. The counsel not agreeing in their understanding of the matter, whether the plea was received or not at the October term, the court at the February trial term ordered the plea to be received, terms to be settled.

The plaintiff filed a general demurrer to the plea, which was joined.

*Horace Webster*, for the plaintiff.

A plea *puis darrein continuance* is a matter of right only at the next term after the matter pleaded has arisen. At a subsequent term it can be received only *nunc pro tunc*, and in the discretion of the court. *Stevens* v. *Thompson*, 15 N. H. 410. This plea was entitled of the second term of the court after the matter arose, and so was not received *nunc pro tunc*. The plea alleges that since the last continuance a writ was sued out in this State upon the judgment; but the conclusiveness of the judgment does not depend upon, nor is it affected by, the fact of a suit being brought upon it in this State, but upon the cause of action having passed *in rem judicatam*. *Weeks* v. *Pearson*, 5 N. H. 325. It was just as conclusive before as after suit brought upon it, and this allegation is immaterial. No new matter had arisen subsequent to the February term, and the plea was wrongfully received as of the October term.

But the plea is defective. Great strictness and certainty are required in pleas *puis darrein continuance*. 1 Ch. Pl. 660; Howe's Pr. 432; *Rangely* v. *Webster*, 11 N. H. 299; *Prather* v. *Ruddell*, 8 Blackf. 393; *Ross* v. *Nesbit*, 2 Gilm.

252. (1.) The plea does not state the day of the continuance, nor the term from which nor to which the action was continued. (2.) It does not allege sufficient to show the jurisdiction of the court rendering the judgment. A judgment recovered in Massàchusetts is a mere nullity in the courts of this State, unless the defendant had notice of the pendency of the suit in which it was recovered. *Rangely* v. *Webster*, 11 N. H. 299, and cases cited. Such notice is a material fact, and should have been averred. *Morgan* v. *Dyer*, 10 Johns. 162.

*Marston* and *Shapley*, for the defendants.

1. As to the reception of the defendant's plea: The plea was filed at the October trial term, 1858, on the 15th of October. It is a plea in bar of the further maintenance of the plaintiff's suit. It sets forth matter which transpired after the last continuance, viz.: " That since the last continuance of the suit, to wit, on the 13th day of March, 1858, the said plaintiff sued out a writ from the office of the clerk of the Court of Common Pleas, against the defendant, upon the aforesaid judgment, returnable at the April term, 1858," &c., of said court. There was no trial term of the Supreme Judicial Court between the 13th of March, 1858, and the first Tuesday of October, 1858. Matter arising after the commencement of the action may be pleaded in bar of the further prosecution of the action. *Bailey* v. *March*, 2 N. H. 522. A plea of matter arising since the last continuance is a matter of right, and the court cannot refuse to receive it, nor require costs to be paid as terms of a leave to plead it. *Stevens* v. *Thompson*, 15 N. H. 410. The first part of the plea, which is introductory, contains matters of inducement, of description, which transpired after the commencement of this suit, and which did not come to the knowledge of the defendant's counsel until after it was too late to plead them, and which matter could be given in evidence at a trial, therefore not

necessary to be specially pleaded. *King* v. *Chase*, 15 N. H. 13. At the October trial term, 1858, when the plea was filed, the plaintiff replied by demurrer entitled of that term, and which was then joined by defendant; therefore the plea was received at that time without objection. The paper entitled of October trial term, 1858, signed by one of the plaintiff's counsel, objecting to the plea being received, &c., was never seen or heard of by the defendant's counsel until after the case was drawn, and then the paper was not even labeled nor the date of filing marked upon it.

2. The plea is a plea in bar from the further maintenance of the suit, and brings to the notice of the court that the plaintiff has another action pending within the same jurisdiction, between the same parties, and founded upon the same cause. All which facts are admitted by the plaintiff's demurrer. A demurrer admits the facts of identity, both in the cause of action and in the plaintiff. *Bennett* v. *Chase*, 21 N. H. 583. The plaintiff is not entitled to maintain both actions in the same jurisdiction, because the law tolerates no such vexatious and unnecessary proceedings. *Chase* v. *Strain*, 15 N. H. 541. The court may, in its discretion, quash both, on motion, for irregularity, or as a vexatious abuse of the process of the court. *Davis* v. *Dunklee*, 9 N. H. 545; *Bennett* v. *Chase*, 21 N. H. 570; *Buffum* v. *Tilton*, 17 Pick. 511, 512. The officer's return on the original writ in this cause shows that property has been attached and also a trustee summoned; and the defendant has been arrested and held to bail on the writ in the second suit, which is not only an abuse of the process of the court, but using them vexatiously and oppressively towards the defendant.

3. The descriptive part of the defendant's plea shows that the plaintiff has recovered a judgment against the defendant for this same cause of action, and is a bar to the plaintiff's further maintaining this action. The pendency of a suit for the same cause of action in another State, is

Rogers v. Odell.

no plea, either in bar or abatement, to a suit here; but it seems that a judgment in an action for the same cause in another State, is, in general, a bar to an action here; *Weeks* v. *Pearson*, 5 N. H. 324; and where a State court has jurisdiction its judgment is conclusive in every other State. *Downer* v. *Shaw*, 22 N. H. 280. A verdict and judgment may be used as evidence between the same parties and their privies, as a bar in another action for the same cause. *King* v. *Chase*, 15 N. H. 13. As evidence to show that the matter in controversy between the parties has been considered, settled, and passed into judgment, it is conclusive.

BELLOWS, J. The plea having been received by order of court, a demurrer filed and issue joined, it is now too late to object to its reception. It must be presumed that it was rightfully received. *Morgan* v. *Dyer*, 10 Johns. 161.

The bringing of the subsequent suit in New-Hampshire cannot affect this suit, either in abatement or in bar, inasmuch as it was rightfully commenced at the time, and cannot be defeated by the mere pendency of another suit, subsequently brought, in any jurisdiction. 1 Ch. Pl. 454, and cases cited; *Davis* v. *Dunklee*, 9 N. H. 545; *Renner* v. *Marshall*, 1 Wheat. 215. But if judgment is actually rendered in a second suit, the cause of action, unless a debt of record, is merged and determined, and the judgment may be pleaded in bar of the further maintenance of the suit. If the court had jurisdiction of the cause and the parties, such judgment has the same dignity, and is entitled to the same faith and credit, in every other State as it has by law and usage in the State from which it comes. Its character, under the constitution and laws of the United States, is substantially that of a domestic judgment, as to the merits of the claim and the subject matter of the suit. It is entitled to be treated as a debt of record, not examinable any where on its merits, and conclusive in every

State, except for such causes as would be sufficient to set it aside in the courts of the State in which it was rendered. It is true that the faith and credit which is extended to such judgment, as a debt of record, does not give efficiency to the final process of the court which renders it beyond the bounds of its jurisdiction. To obtain such final process it must, by suit, be made the judgment of a court in the State where such final process is wanted, and in doing it the judgment will be regarded, for all purposes of pleading and evidence, as a debt of the highest nature, and as having extinguished, like a domestic judgment, the original cause of action ; and the same principles, as to pleading and evidence, apply to the case where a judgment of one State is pleaded in bar of a suit in another, founded upon the original cause of action, whether such judgment was rendered before or after the commencement of the suit in which it is pleaded. If the fact of jurisdiction be wanting, such judgment is void, and the defect may be collaterally shown to defeat it. In this respect it differs from a judgment of our own State courts, which cannot, for this cause, be collaterally attacked.

These views are fully sustained by the adjudged cases, and among these are *Mills* v. *Duryee*, 7 Cranch 481; *Hampton* v. *McConnell*, 3 Wheat. 234; *McElmoyle* v. *Cohen*, 13 Pet. 324; *Bissell* v. *Briggs*, 9 Mass. 462; Story on Conflict of Laws, sec. 609; and so are many of the cases cited in a subsequent part of this opinion, upon the question touching the necessity of alleging jurisdiction. The case of *Thurber* v. *Blackbourne*, 1 N. H. 242, also recognizes such judgments, when sued in the courts of another State, as incontrovertible evidence of a specialty debt, and as standing upon the footing of a domestic judgment. *Bell*, J., holds this to be the natural construction of the law of Congress of May, 1790, which gives such records, when authenticated according to the act, " such faith and credit in every court within the United States as they have, by

law or usage, in the courts of the State whence the said records are taken."

In the case before us, the action is assumpsit, and a judgment for the same cause, rendered in this State since its commencement, would be a good bar to the further maintenance of the action, without regard to the question of priority in the commencement of suit, because the matter goes not to the form but to the right of the plaintiff, which is gone forever by being merged in the judgment. This is directly settled in *Nichol* v. *Mason*, 21 Wend. 339. Such also is the doctrine of the common law, and such, doubtless, the effect of such a judgment in Massachusetts, in respect to another suit there pending for the same original cause of action. And we are of the opinion that a judgment of a court of general jurisdiction of a sister State, under the same circumstances, will also be a good bar to the suit here. *Weeks* v. *Pearson*, 5 N. H. 324; *Whittier* v. *Wendell*, 7 N. H. 257; *Goodall* v. *Marshall*, 14 N. H. 161; and so is the law assumed to be in *Taylor* v. *Barron*, 30 N. H. 78, and also 35 N. H. 484. This view is fully sustained in *Bank of the United States* v. *The Merchants' Bank of Baltimore*, 7 Gill 415, in an able opinion by *Martin*, J. That was assumpsit, and property was attached to respond to the judgment. Afterwards a suit was brought in Pennsylvania for the same cause of action, and judgment obtained by the plaintiff. And it was held that it was a good bar to the further maintenance of the suit in Maryland, and that, as the cause of action was extinguished by the Pennsylvania judgment, and one of a higher order given, the matter of priority was not material. The same doctrine is held also in *Bixby* v. *Linah*, 4 Harris 241, and American Leading Cases 820, and cases cited. In *Andrews* v. *Montgomery*, 19 Johns. 162, it was held that a judgment of another State, fairly obtained, is a debt of record, and assumpsit cannot be sustained upon it. So in *Boston India Rubber Co.* v. *Hart*, 14 Vt. 92. In *Shumway*

v. *Stillings*, 6 Wend. 447, it was held that a judgment of a court of general jurisdiction is equally conclusive upon the parties in all the other States as in the State where it is rendered; and so is the doctrine of *Mills* v. *Duryee*, 7 Cranch 481, and *Wheeler* v. *Raymond*, 8 Cow. 311.

The judgment in Massachusetts, then, having extinguished the cause of action in this case, may properly be pleaded in bar of the further maintenance of the suit. Such is the character of the plea before us, and the only remaining question is, whether, on general demurrer, the plea can be sustained. On the principles stated, the allegations in the plea respecting the pendency of the subsequent suit are immaterial, and may be laid out of the case. The objections to the plea are : (1.) That it is not pleaded strictly *puis darrein continuance ;* (2.) That it does not allege jurisdiction in the Massachusetts court. In regard to the former, the rule seems to be that matter arising after the suit, and after plea filed, must be pleaded strictly *puis darrein continuance.* But if before plea filed, it may be pleaded in bar of the further maintenance of the suit, as in this case. 1 Ch. Pl. 657 ; *Kimball* v. *Wilson*, 3 N. H. 96 ; *Covel* v. *Weston*, 20 Johns. 418 ; Com. Dig., Abatement, H, 23 ; *United States Bank* v. *The Merchants' Bank of Baltimore*, 7 Gill 415. In this case it does not appear that any plea had before been filed; and besides, the objection is to the form of the plea, and the general demurrer does not reach it.

In pleading the judgment of an inferior court, it is unquestionably necessary to aver that the cause of action arose within its jurisdiction, but in respect to superior courts and courts of general jurisdiction of other States, as well as our own, every presumption is in favor of their right to hold pleas and render the judgments they have rendered, until the contrary is alleged and proved by way of defence. Therefore, as the party setting up such judgment is not bound in the first instance to offer proof of

jurisdiction, he is not required to state it in pleading; and the same rule applies to judgments of other States, which in this respect have the character of domestic judgments. *Pennington* v. *Gibson*, 16 How. 86; *Wheeler* v. *Raymond*, 8 Conn. 311; *Shumway* v. *Stillman*, 4 Cow. 292; *Howe* v. *Sherrill*, 16 Wend. 38; *Williams* v. *Preston*, 3 J. J. Marsh. 600; *Rae* v. *Hurlburt*, 17 Ill. 572; *Reed* v. *Boyd*, 13 Tex. 24; *Caldwell* v. *Richards*, 2 Bibb 331; *Scott, Trotter and Fairfield* v. *Colman*, 5 Litt. 350; *United States Bank* v. *Merchants' Bank of Baltimore*, 7 Gill 415, and *Bixby* v. *Linah*, 4 Harris 241; 3 Cow. Phill. Ev., note 961, and cases cited note 694; Smith's Leading Cases 816, 817, 836, 841; American Leading Cases 790, 797.

The demurrer is therefore overruled and judgment rendered for the defendant.