## Case No. 14,956.

### UNITED STATES v. DEWEY.

[6 Biss. 501.] [1]

District Court, W. D. Wisconsin. Jan., 1876.

JUDGMENT—RECOVERY IN ANOTHER STATE—BAR.

It is a good plea that since the commencement of a suit, judgment was recovered between the same parties in another federal court upon the same cause of action. It is immaterial which suit was first commenced.

[Cited in Radford v. Folsom, 14 Fed. 100.]

This was an action brought to recover the sum of $6,215 of the defendant [Nelson Dewey] as one of the sureties of George W. Gaffitt and James J. Dewey, upon a bond given by them to the United States, on the 7th day of January, 1868, as manufacturers

[1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

of friction matches, etc., conditioned to pay for all revenue stamps that might be needed by them from the commissioner of internal revenue, from time to time, according to law. There were two other sureties upon the bond, who reside in New York, where the principals also reside. It is now shown that prior to the commencement of this suit, a suit was prosecuted by the United States, in the district court for the Southern district of New York, against all the parties to the bond, but that service was not made on Dewey, as he was a resident of this state, but that after this suit was at issue, he voluntarily appeared in that suit, and thus gave that court jurisdiction over him. It further apears by the affidavit of defendant, filed on this motion, that on the 7th day of December, 1875, judgment was obtained against all of the defendants therein, including himself, for the amount claimed as due upon the bond. Upon this state of facts, the defendant, when the case was called for trial, moved for leave to file a plea setting up these facts, by a plea puis darrein continuance, as a bar to the further prosecution of this action.

H. M. Lewis, U. S. Dist. Atty.
Gregory & Pinney, for defendant.

HOPKINS, District Judge. I was not cited, nor have I been able to find a decision of the federal courts upon this question, or whether the pendency of a suit in one district may be plead in abatement to a suit in another district of the federal courts. I find that the decisions of the United States circuit courts are not in accord upon the right to plead the pendency of a suit for the same cause of action in the state courts in abatement to suits prosecuted afterwards in the United States courts, although I think the weight of authority in those courts is in favor of the right, particularly when the suit is pending in the same state with such courts.

Judge Love, in Brooks v. Mills County [Case No. 1,955], has examined and collected the authorities sustaining this view with great industry. Justice Clifford, in Lowring v. Marsh [Id. 8,514], says, however, that the rule has always been that such a plea was not good in the First circuit, but in this circuit it has been the other way. Earl v. Raymond [Id. 4,243].

The question has never been decided by the supreme court of the United States. I must say I do not see any satisfactory reason for denying the plea in abatement of suits pending in the courts of other states. Multiplicity of litigation is vexatious, and should be discouraged, and only when necessary should any suit be sustained, and when a party sues in one jurisdiction, I do not see why he should be allowed to sue at the same time in another, for the same cause of action. On that point I concur with the intimation of the court in 30 Vt. 538, hereafter cited.

But it may not be necessary to decide that question in this case, for here it is alleged that there has been a recovery for the same cause of action. If so, it is a merger, and no recovery can be had in any other court, state or federal, upon the same cause of action. This is too well settled to be questioned. Mason v. Eldred, 6 Wall. [73 U. S.] 231; Eldred v. Bank, 17 Wall. [84 U. S.] 545; Freem. Judgm. § 186.

In this case it appears that as to this defendant this court first got jurisdiction, so that the suit in New York could not for that reason have been plead in abatement to this suit, hence the question whether a plea of a suit pending in another district for the same cause is immaterial to consider on this motion.

The matter proposed to be set up does not go to the form of the remedy, but to the right to maintain the action at all. It shows that the cause of action is gone—is merged in a judgment,—and therefore, no longer in a legal sense exists. Nicholl v. Mason, 21 Wend. 339. This is the rule prevailing in regard to suits prosecuted in different states at the same time. The pendency of the one first commenced cannot be plead in abatement to another subsequently prosecuted in another state, but a judgment in either without reference to the question as to which was commenced first, may be plead in bar to the other. Bank of U. S. v. Merchants' Bank of Baltimore, 7 Gill, 415; Bank of North America v. Wheeler, 28 Conn. 433; McGilvray v. Avery, 30 Vt. 538; Rogers v. Odell, 39 N. H. 452; 1 Chit. Pl. 454.

This doctrine is held to necessarily result from the provision in the constitution of the United States, that the judicial proceedings of each state shall have like effect in every state as in the state where they were taken. But I think the effect given to judgments of courts of competent jurisdiction, by the common law, would lead to the same conclusion.

As the defendant appeared in that case, the judgment therein extinguished the cause of action. But there does not seem to be any advantage accruing to the United States by prosecuting this suit to judgment, for an execution issued upon the judgment obtained in the Southern district of New York, may run into and be executed in this state as well as if issued from this court (Rev. St. U. S. § 986), so that the reason for admitting that judgment as a bar to this suit is much stronger than in a case between private parties, where executions are confined to the states where judgment is recovered. The motion of the defendant is therefore granted.

---

UNITED STATES (DEXTER v.). See Case No. 3,869.

UNITED STATES (DE ZALDO v.). See Case No. 3,872.

UNITED STATES (DIAZ v.). See Case No. 3,878.