### PLINY SMITH v. JAMES A. CURTISS.

*Merger in judgment—Tender of set-off—Costs.*

A note is not so merged in a judgment in attachment as to bar a personal action on it, or its assignment to a third person, if there had been no appearance in the attachment suit, and no part of the judgment satisfied.

Costs of all courts were deducted from the judgment against a defendant who had tendered the difference between the claim against him and a set-off to which he was entitled, and had kept good his tender.

Case made from Kent. Submitted January 30. Decided February 1.

ASSUMPSIT. Plaintiff recovered in justice's court on a promissory note, and defendant appealed to the circuit court, which tried the case without a jury, excluded defendant's set-off, and found for the plaintiff for the whole amount of his claim.

*J. M. Harris* for plaintiff. A note that is merged in a judgment cannot be set-off, *Town v. Smith*, 14 Mich., 348; *Phillips v. Berick*, 16 Johns., 136; *Sturgis v. Rogers*, 26 Ind., 1; *Robertson v. Smith*, 18 Johns., 459; *Morgan*

38 MICH.—50.

*v. Plumb*, 9 Wend., 287; *Nicholl v. Mason*, 21 Wend., 339; *Wales v. Lyon*, 2 Mich., 276; *Prentiss v. Holbrook*, 2 Mich., 372.

*Mark M. Powers* for defendant. Actions *in rem* bind property only, *Bower v. Town*, 12 Mich., 233; Story's Conf. of Laws [7th ed.], §§ 549, 592 *a*; in pleading former recovery in an inferior court of limited jurisdiction, it must be shown that the court had jurisdiction of defendant's person as well as of the subject matter of the suit, *Turner v. Roby*, 3 N. Y., 196; *Barnes v. Harris*, 4 N. Y., 375; *D'Arcy v. Ketchum*, 11 How., 165; Story's Conf. of Laws, § 609 *b*; *Bissell v. Briggs*, 9 Mass., 468; *Bonesteel v. Todd*, 9 Mich., 371; otherwise the plaintiff must rely on his original cause of action, *White v. Jones*, 38 Ill., 164; *Welch v. Sykes*, 3 Gilm. (Ill.), 197; a judgment in attachment, where there is no judgment nor appearance, will not support an action and bar a subsequent suit on the original demand unless followed by a payment or sale of the property seized, *Roose v. McDonald*, 23 Ind., 162; *Henrie v. Sweasey's Adm'r*, 5 Blackf., 335; the remedy is also on the original demand where only part of the judgment is satisfied, *Stone v. Myers*, 9 Minn., 303; Freeman on Judgments, § 223; *Nelson v. Couch*, 15 C. B. (N. S.), 99; *Toby v. Brown*, 6 English (Ark.), 308; *Wixom v. Stephens*, 17 Mich., 522.

MARSTON, J. The controversy in this case arises upon the defendant's set-off. The defendant offered as a set-off a promissory note which he claimed under and by virtue of an assignment of a judgment rendered thereon by a justice of the peace in an action commenced by attachment, in which property was levied upon but no personal service obtained upon defendant, and no appearance made by him. An execution had been issued upon the judgment, and property levied upon but afterwards abandoned by order of the plaintiff, as the property levied upon was claimed by other parties.

In this case the court held that the note pleaded as a set-off was legally merged in the judgment referred to, and could not be pleaded as a set-off in this action in the form of a note, and rendered judgment accordingly.

In this the court erred. There being no personal service in the case commenced by attachment and no appearance, and no part of the judgment rendered therein having been satisfied under the attachment proceedings, such judgment would not bar a personal action upon the note, or an assignment thereof to a third party. *Adams v. Abram,* ante p. 304.

The court found that the amount of plaintiff's claim in this action was $266.48 and the amount of defendant's set-off was $135.83, and that a proper tender of the difference between said demands was made at the commencement of this suit and still kept good. Under this finding the plaintiff will be entitled to a judgment for $130.65, and the defendant will be entitled to recover costs in the justice's court, the circuit and in this court, and deduct the amount thereof from the amount of the plaintiff's judgment.

Ordered acordingly.

The other Justices concurred.