## MANDEVILLE *v.* AVERY *et al.*

*(Supreme Court, General Term, Fifth Department. January 22, 1892.)*

**1. JUDGMENT—RES JUDICATA—PLEADING.**

In an action by a receiver in supplementary proceedings to set aside two chattel mortgages and subject the proceeds to a judgment creditor's claim, the mortgagee cannot interpose, as a bar to the action, a judgment in replevin, adjudicating him to be the owner of the mortgaged property, where such judgment, entered after the filing of his answer, was not pleaded by supplemental answer.

**2. SAME—PRESUMPTIONS.**

In such case, where the two chattel mortgages cover the same property, and one is concededly valid, but the other has been adjudicated void, the judgment in the replevin action cannot be used in evidence against plaintiff's claim to the surplus moneys held by the mortgagee after the payment of his valid mortgage, as, in the absence of evidence to the contrary, the court must assume that the replevin action adjudicated that the mortgagee's title and right to the possession of the mortgaged property were by virtue of the valid mortgage.

Appeal from special term, Monroe county.

Action by Wesley Mandeville, as receiver of the property of Henry Beck, in supplementary proceedings against Edward H. Avery, impleaded with others. From a part of a judgment for plaintiff, defendant Avery appeals. Affirmed. For former reports, see 3 N. Y. Supp. 745; 9 N. Y. Supp. 949; 10 N. Y. Supp. 323.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*J. C. & C. I. Avery,* for appellant. *David Hays,* for respondent.

LEWIS, J. This action has been twice tried, and the questions in it quite thoroughly litigated. On an appeal from the judgment entered upon the first trial, substantially all the questions involved in the action were settled in favor of the plaintiff by the decision of the court of appeals, reported in 124 N. Y. 376, 26 N. E. Rep. 951. The opinion of the trial justice printed in the case leaves very little to be said by this court in deciding this appeal. The plaintiff claimed in his complaint that the defendant had in his hands moneys realized from the sale of personal property under two chattel mortgages held by defendant, which the plaintiff claimed to be fraudulent and void, and plaintiff sought to recover the moneys by virtue of a lien upon the property by an attachment. The facts entitling the plaintiff to relief were fully set out in the complaint, and the plaintiff, upon the facts proven, was entitled to the relief demanded in his complaint. One of the defenses interposed by defendant was a judgment entered in a replevin action, adjudicating that the defendant Avery was the owner of the property covered by his mortgages. At the time of the first trial, judgment had not been entered in

the replevin action. The judgment was thereafter entered, but upon appeal to the general term of this court it was reversed, and thereafter, and before the second trial, judgment was again entered in said action in favor of the plaintiff therein. The judgment was entered some two years after the answer interposed in this case, so that the judgment which the defendant sought to avail himself of was not pleaded. If it was to be used in bar of this action it should have been pleaded by a supplemental answer. *Hendricks* v. *Decker*, 35 Barb. 298. The defendant, in his replevin action, claimed to own and to be entitled to the possession of the property involved in that action by virtue of two chattel mortgages,—one for the sum of $290, which was concededly valid; and one for $1,000, which has been adjudicated to be void. They both covered the same property. He was in a sense the owner, and was entitled to the possession, of the property by virtue of his valid mortgage. The replevin suit did not necessarily involve the legality of the $1,000 mortgage. 124 N. Y., 26 N. E. Rep., *supra.* "Where a judgment may have proceeded upon either or any of two or more different and distinct facts, the party desiring to avail himself of the judgment as conclusive evidence upon some particular fact must show affirmatively that it went upon that fact, or else the question is open for a new contention." *Lewis* v. *Pier Co.*, 125 N. Y. 341-348, 26 N. E. Rep. 301. In the absence of evidence to the contrary, we must assume that the replevin action adjudicated that appellant's title and right of possession were by virtue of the valid mortgage, and the judgment could not be used as evidence against the plaintiff's claim to the surplus moneys held by him after the payment of his valid mortgage. The trial court, we think, properly disposed of the question of costs. We fail to see any reason for a reversal of the judgment. It should be affirmed, with costs. So ordered. All concur.