## WALTER H. GRAEF vs. HENRY O. BERNARD.

Worcester.    October 3, 1894. — October 19, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Jurisdiction — Foreign Judgment as a Bar to a Recovery in this Commonwealth
— Motion to reopen — Replication — Vacating Judgment.*

The plaintiff brought an action against the defendant in another State of which they were both citizens, and on the same day another action, for the same cause, in this Commonwealth, by attachment of the defendant's property. Judgment in the first named action was entered in the plaintiff's favor while the proceedings in this Commonwealth were still pending. *Held,* that, while the defendant had the right to set up the judgment so obtained in bar of the plaintiff's right to recover in the action here, it was equally competent for the court, upon the plaintiff's application to reopen the case after the hearing and before the finding, and allow him to file a replication setting up that the judgment had been vacated and was no longer in force, and to introduce evidence of that fact, and to find, if the evidence warranted it, that the judgment in that case had been vacated, and that the plaintiff was entitled to judgment in the action here.

CONTRACT, on an account annexed. Writ dated June 27, 1893. The answer was: 1. A general denial. 2. That the plaintiff should prove the sale and delivery of the goods as set forth in his declaration. 3. That the plaintiff had since the bringing of the action recovered judgment in the State of New York, on July 17, 1893, for a certain sum, which judgment was for the same cause of action as that set forth in the plaintiff's declaration, and for the same goods as those therein alleged to have been sold to the defendant, and that the judgment was still in force.

At the trial in the Superior Court, without a jury, before *Fessenden,* J., it appeared that both the plaintiff and the defendant were citizens of the city and State of New York, and that the defendant had carried on business in the county of Worcester, and had property therein, which was attached on the writ in the present action. It was agreed that judgment should be entered for the plaintiff for a certain sum and interest, unless the court should hold that the judgment of the New York court which was put in evidence was a bar to the plaintiff's recovery. No objection was made to the form of the proof of the record;

the parties to this and the New York actions and the causes of action, were the same, and no other evidence was introduced at the trial. Before the judge had rendered his decision, on December 29, 1893, the plaintiff moved for a reopening of the hearing, on the ground that the judgment in the New York court referred to was on December 26, 1893, wholly vacated as of the time when the same was rendered, and filed a replication to that effect. The defendant objected to the allowance of the motion, and the judge, after argument, reserved his decision, and, against the defendant's objection, received evidence *de bene* of the proceedings of the New York court, which evidence was a copy of the record of the court, to the effect that the judgment and execution issued thereon were "vacated and set aside, *nunc pro tunc*, without prejudice, however, to any of the rights of the plaintiff, and without prejudice to the claims or indebtedness owing by Henry O. Bernard, the defendant, to Walter H. Graef, the plaintiff, upon which the said judgment was obtained." The defendant appealed to the General Term of the City Court of New York, and the order appealed from was affirmed, with costs.

The judge allowed the plaintiff's motion, received the evidence, and rendered judgment for the plaintiff. The defendant alleged exceptions.

*J. E. Beeman*, for the defendant.

*F. P. Goulding*, (*F. L. Dean* with him,) for the plaintiff.

MORTON, J. The rights of parties are generally determined as of the time when the action is begun. And it is necessary that it should be so. That the rule is not an invariable one, however, is shown by the numerous instances in which, by the plea of *puis darrein continuance*, facts occurring after the commencement of the action are set up and allowed to operate in bar of it. And it is expressly provided by Pub. Sts. c. 167, § 26, that "an answer or replication may allege facts which have occurred since the institution of the suit." If a declaration, answer, or replication has been filed, a supplemental one may be made by leave of court, alleging material facts that have occurred since the former declaration, answer, or replication. The statute is wider in its scope than the plea of *puis darrein continuance*. Strictly speaking, that can only be availed of in

regard to matters occurring since the last continuance. The statute is not so limited. The suit in New York, on the judgment in which the defendant relies, was begun on the same day as this action, viz. June 27, 1893. Judgment in the New York action was entered in the plaintiff's favor on July 17, 1893. There can be no doubt that the defendant had the right to set up the judgment so obtained in bar of the plaintiff's right to recover in this action. It is equally clear, we think, that it was competent for the court, upon the plaintiff's application, to reopen this case after the hearing and before the finding, and allow him to file a replication setting up that the judgment had been vacated and was no longer in force, and to introduce evidence of that fact, and to find, if the evidence warranted it, that the judgment in that case had been vacated, and that the plaintiff was entitled to judgment in this action.

*Exceptions overruled.*