HOCHSTEIN v. JAMES W. HILL CO.

(City Court of New York, Trial Term. May 29, 1915.)

1. JUDGMENT ⬷⟿17—DEFAULT JUDGMENT—PROCESS TO SUSTAIN—SERVICE ON CORPORATION.

Service upon an officer of a foreign corporation transiently in this state, or service upon a managing agent, within Code Civ. Proc. § 432, in case the cause of action arose in this state or the foreign corporation had property here, affords a basis for a default judgment ordinarily recognized as valid in the courts of this state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33, 157, 422; Dec. Dig. ⬷⟿17.]

2. JUDGMENT ⬷⟿577—BAR—VOID JUDGMENT.

A void judgment is no bar to a subsequent recovery on the same cause of action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1005, 1007; Dec. Dig. ⬷⟿577.]

3. JUDGMENT ⬷⟿590—BAR—JUDGMENT ENFORCEABLE IN PART.

A prior judgment upon a cause of action, valid and enforceable for some purposes only, as when, being based upon constructive service of process on a nonresident, its enforcement is limited to the specific property, is no impediment to a subsequent action to obtain a judgment enforceable against the defendant personally.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1035, 1063, 1064, 1102–1106; Dec. Dig. ⬷⟿590.]

---

⬷⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. JUDGMENT ☞581—BAR—DEFAULT JUDGMENT—EXISTENCE OF PRIOR JUDG-
    MENT.
        A plea of a former default judgment in bar to the plaintiff's recovery
    is not effective, unless the defendant shows its existence as a valid judg-
    ment at the time of the trial; and an ex parte entry of an order vacat-
    ing such judgment prior to the action in which it is pleaded, in no way
    attacked, so long as it was unchallenged, was binding upon the trial
    court and extinguished the prior judgment, so that there was no exist-
    ing judgment to plead in bar.
        [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1025; Dec.
    Dig. ☞581.]

5. PLEADING ☞111—CAUSE OF ACTION—EXISTENCE AT TIME OF SUIT.
        Upon the trial of an action at law, the plaintiff must rely upon the
    causes of action existent when suit was brought, and may not avail
    himself of subsequently accruing causes of action; but a plea in abate-
    ment or in bar ordinarily speaks, not only of the time of service of pro-
    cess, but also of the time of the trial, and proof that another action was
    pending when the second suit was brought is not alone sufficient, as a
    discontinuance of the prior action, before trial, would be a complete bar
    to the plea; and proof that another action was pending at the time of
    the trial, brought after the commencement of the action in which its
    pendency is pleaded, is also insufficient.
        [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec.
    Dig. ☞111.]

6. JUDGMENT ☞581—RES JUDICATA—JUDGMENT VACATED.
        The equitable doctrine of merger of a cause of action into a judgment
    does not leave any bar existing after the judgment is vacated, as it
    leaves the parties in the same standing as if no judgment had ever ex-
    isted.
        [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1025; Dec.
    Dig. ☞581.]

Action by Louis Hochstein against the James W. Hill Company
for damages for refusal to accept delivery of certain goods manufac-
tured to defendant's order. On motion by defendant to set aside a
verdict for the plaintiff. Motion denied.

Almet R. Latson, of New York City, and Almet R. Latson, Jr., for
the motion.

Abraham A. Silberberg, of New York City, opposed.

RANSOM, J. The defendant's motion to set aside the verdict pre-
sents the single question whether the defendant has sustained its
plea that the plaintiff's recovery here is barred by his prior entry of
a default judgment upon the same cause of action. The facts disclosed
upon that issue do not impress me as calling for disturbance of the
jury's verdict on the merits of the controversy between the parties, and
the motion to set the verdict aside is denied.

The cause of action arose in 1907, and the present action was tried
before me on April 14, 1915. The defendant concededly gave the
plaintiff an order for the manufacture of certain goods, to be delivered
to the defendant in New Hampshire, and the plaintiff concededly man-
ufactured and shipped to the defendant certain goods as in fulfillment
of that order. The plaintiff resides in New York, and the defendant,
a New Hampshire corporation, operates a department store in the state

of its domicile.   At no time has the defendant done business, owned property, maintained an office, had a "managing agent," or designated a person for the service upon it of process, within the state of New York.   The defendant refused to accept or pay for the goods, on a claim of defects in quality and nonconformance with sample.   The merits of this rejection came on for trial before me, and the jury returned a verdict in favor of the plaintiff.   The defendant contends, however, that this determination must be set aside, by virtue of the following state of facts:

On March 11, 1908, the plaintiff concededly obtained judgment by default in this court against the defendant, in an action for the contract price of the goods sold and delivered, based upon the transactions above referred to.   The plaintiff thereupon brought suit in New Hampshire, upon this judgment, and was met with a contention on the part of the defendant corporation that the New York judgment against it was void, on the ground that the cause of action did not arise in New York, the defendant had no property here, and the person served in behalf of the defendant was not at the time of service its "managing agent" within the state of New York, but was here only on a trip for personal pleasure, unconnected with any business of the corporation.

[1] Under the view taken by the New York courts, service upon an officer of the defendant even transiently here, or service upon a "managing agent" within the meaning of section 432 of the Code of Civil Procedure, in case the cause of action arose within this state or the foreign corporation had property here, has been regarded as affording basis for a default judgment which would ordinarily be recognized as valid in the courts of this state.   Grant v. Cannea Consolidated Copper Co., 189 N. Y. 241, 82 N. E. 191; Sadler v. Boston Rubber Co., 140 App. Div. 367, 125 N. Y. Supp. 405, and cases cited.   The adherence of the New Hampshire Supreme Court to the federal rule (Riverside & Dan River Cotton Mills v. Menefee, 237 U. S. 189, 35 Sup. Ct. 579, 59 L. Ed. ——; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517) left the plaintiff's New York judgment nugatory in the commonwealth of the defendant's domicile. The plaintiff bided his time and was finally rewarded by apprehending the same Hugh W. Flack, now become president of the defendant corporation, in the act of buying goods for it within this state.   He was then served with the process which compelled the defendant's speedy appearance here for trial on the merits, in the course of the commercial calendar of this court.   Subsequently, on March 20, 1915, the judgment of March 11, 1908, was vacated, by an order of this court, made ex parte by virtue of the defendant's nonappearance in the prior action.

The plaintiff contends that, the burden being on the defendant affirmatively to establish the existence of a prior and valid judgment barring the present recovery, no such barrier has been proved, because: (1) A foreign corporation which undertakes to avoid the entry of a valid and enforceable judgment against it, by showing the prior entry of a valid judgment on the same cause of action, may not fulfill

that burden by proving an unsatisfied judgment whose invalidity the corporation has both asserted and established in the state of its domicile, the only state in which a judgment against it could be collected; (2) the judgment of March 11, 1908, must now be deemed void, even in New York (Riverside & Dan River Cotton Mills v. Menefee, supra), because based on the service of process on a purported "managing agent," who was not at the time an enumerated officer of the defendant, had not been designated for the service upon it of process here, and was here only on a personal pleasure trip, the corporation having no property within the state and the cause of action having arisen in New Hampshire; (3) a judgment entered in an action for the contract price of certain goods sold and delivered does not, under New York's liberal view (Shaw v. Broadbent, 129 N. Y. 114, 123, 29 N. E. 238), bar recovery in an action for damages for breach of contract to accept goods manufactured to order, even though the two actions relate to the same goods and the same contract; and (4) there was in any event no prior judgment outstanding on the date of the trial before me, as must have been shown to make the plea in bar effectual.

[2] The possible merits of the first three contentions it seems unnecessary to consider here, inasmuch as the vacating of the prior judgment before the date of the trial destroyed its power to affect adversely the present verdict. It may, however, be said that no authority has been brought to my attention which indicates that the adherence of New York courts to their own salutary rule as to the sufficiency of service upon an officer of a foreign corporation transiently here required our courts to permit that foreign corporation to assert here the validity of a judgment which was held void, at its own instance, in the state of its domicile. The rule is well settled that a void judgment is no bar to a subsequent recovery on the same cause of action. Freeman on Judgments, § 117. May this defendant now avoid payment of its just debt to a resident of New York by pleading as binding against its creditor a judgment which, on its own insistence, was declared void and unenforceable by the highest court of the state which gave it charter?

[3] The rule is likewise settled that, where a prior judgment upon a cause of action is valid and enforceable for some purposes only, as when, being based upon constructive service of process on a nonresident, its enforcement is limited to specific property, it constitutes no impediment to a subsequent action to obtain a judgment enforceable against the defendant personally. Smith v. Curtiss, 38 Mich. 393; Freeman on Judgments, § 218. If no impediment is deemed created by a judgment fully enforceable as to any of defendant's property of which the court obtained jurisdiction in the action, may this defendant equitably be heard to assert that a complete bar to any recovery is created by a judgment which cannot be enforced against it at all?

[4, 5] The other aspect of the matter impresses me as perhaps less open to argument or doubt. To make effective its asserted barrier against the plaintiff's recovery, the defendant must show the existence of such a judgment at the time it sought to forestall trial on the merits. If the ex parte entry of the order of March 20, 1915, vacating the un-

enforceable judgment of March 11, 1908, was in any respect irregular, that question could be raised only by motion. ‧ No attack upon that order has been addressed to any court, and no application was made to plead the defense of the pendency of the prior suit, as perhaps was warranted by its changed status, after the vacating of the judgment, three weeks before trial. The order of March 20, 1915, so long as it stood unchallenged, was binding upon the trial court. It wiped out the prior judgment, and made it as though it had never been. Loeb v. Willis, 100 N. Y. 231, 3 N. E. 177; Taylor v. Smith, 4 Ga. 133; Graef v. Bernard, 162 Mass. 300, 38 N. E. 503; Scherff v. Missouri Pacific R. R. Co., 81 Tex. 471, 17 S. W. 39, 26 Am. St. Rep. 828; Commercial Bank v. Sherwood, 162 N. Y. 310, 56 N. E. 834; Platz v. Burton & Corry Co., 7 Misc. Rep. 473, 28 N. Y. Supp. 385; Foster v. New York Central & H. R. R. R. Co., 118 App. Div. 143, 103 N. Y. Supp. 531. The plaintiff can hardly be precluded by the always ineffectual and now nonexistent.

It is undoubtedly true, as urged by learned counsel for the defendant, that upon the trial of an action at law the plaintiff must rely upon causes of action existent at the time suit was started, and may not avail himself of subsequently accruing causes of action. Park & Sons Co. v. Hubbard, 198 N. Y. 136–139, 91 N. E. 261; Uline v. N. Y. C. & H. R. R. R. Co., 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661; Caswell v. Kemp, 41 Hun, 434, 436; Whiting v. Dowdall, 21 Hun, 105; Wisner v. Ocumpaugh, 71 N. Y. 113, 117. A plea in abeyance or in bar, however, under New York's wholesome modification of the stringency of ancient rules (Porter v. Kingsbury, 77 N. Y. 164), ordinarily speaks, not only of the time of service of process, but also of the time of trial. For example, to sustain the plea of the pendency of another action, a defendant must show that such action was pending at the time suit was started, and also that it is still pending at the time of trial. Crossman v. Universal Rubber Co., 131 N. Y. 636, 30 N. E. 225; Id., 127 N. Y. 34, 27 N. E. 400, 13 L. R. A. 91; Porter v. Kingsbury, supra. Proof that it was pending when the second suit was started is not alone sufficient; discontinuance of the prior action at any time before trial is a complete bar to the plea. Nirsh v. Manhattan Ry. Co., 84 App. Div. 374, 377, 82 N. Y. Supp. 754. Proof that another action is pending at the time of trial is insufficient, if it appears that the other action was brought after the commencement of the action in which its pendency is pleaded. Renner v. Marshall, 1 Wheat. 215, 4 L. Ed. 74; Nicholl v. Mason, 21 Wend. 339. In the case of a plea of prior judgment, on the other hand, it is, if anything, more clearly manifest that the condition at the time of trial is decisive, because, if pleaded, a judgment entered in another action upon the same cause of action at any time up to the trial of the action in which it is pleaded is a complete bar, if the judgment is valid and existent at the time of trial (Manderville v. Avery, 63 Hun, 624, 17 N. Y. Supp. 429; Nicholls v. Mason, supra), and if discontinuance of a prior suit at any time up to the trial vitiates a plea based on its prior pendency, notwithstanding its pendency when the second suit was

started, does not the vacating of a prior judgment at any time before trial have the same effect?

The defendant contends, however, that its plea in bar must be sustained, because, upon the entry of the default judgment by the plaintiff, the cause of action was merged in and extinguished by the judgment. Gutta Percha & R. Mfg. Co. v. Mayor, 108 N. Y. 276, 15 N. E. 402, 2 Am. St. Rep. 412; Abbott's Trial Evidence, p. 1048. In consequence, the defendant urges that no cause of action upon the contract relative to the goods in controversy *existed* at the time the second suit was started. This brings us to a novel and apparently unadjudicated aspect of the "merger" which takes place when a debt is reduced to judgment, involving also the effect of the vacating or reversal of the judgment into which the debt has been "merged." Is the original debt extinguished and destroyed by reduction to judgment, or merely subordinated and held in abeyance? Is a plaintiff who has transmuted his claim into a debt of record, and vested it with the highest degree of enforceability which a contractual obligation may acquire, precluded from asserting the original aspect of his claim while its paramount form exists, or has he brought about the actual extinction of the elements of the original debt? With the vacating of the judgment, does he stand now as though the judgment and consequent "merger" had never at any time been, or does the vacating of the judgment merely leave him free *thereafter* to assert his rights as though there was no extant judgment?

Just as a void judgment creates no "merger" and works no bar, as we have seen, I think a reversed or vacated judgment creates no bar, leaves no barrier operative as of any antecedent date, and may not be claimed to have created any "merger" or extinction of the cause of action. Fries v. Penn. R. R. Co., 98 Pa. 142; Taylor v. Smith, 4 Ga. 133. Upon the reversal or vacating of a judgment, the plaintiff and defendant, as to anything which they may have done before or after the entry of the vacated judgment, stand in all respects as though that judgment had never been entered at all. This seems fairly to follow from the declaration in Loeb v. Willis, 100 N. Y. 231, 3 N. E. 177, where it was said that:

"If a suit be discontinued at any stage, or the judgment rendered therein be set aside, or vacated, or reversed, then the adjudication therein concludes no one and it is *nót an estoppel or bar in any sense.*"

The Court of Appeals said that the action is thereafter *"as though it had never been."* In Goodrich v. Bodurtha, 6 Gray (Mass.) 323, the plaintiff sued on a judgment which he had recovered on a note. Before trial, the judgment was reversed, and he asked leave to amend his complaint, so as to declare on the note itself. The defendant protested that any cause of action on the note had been "merged" in the judgment; and could not be asserted in an action brought while the judgment stood unreversed. The Massachusetts court held it was proper to permit him to amend, without terms, saying:

"Upon the reversal, the merger ceased. * * * It was as if no judgment had been rendered."

This decision is hardly reconcilable with familiar rulings, unless the cause of action on the note was at all time *existent* and really embraced in the action on the judgment, though subordinated to the special and paramount form to which the debt had been reduced.

[6] I do not believe that the equitable doctrine of the "merger" of a cause of action into a judgment leaves any bar existent after the judgment is vacated. The doctrine of "merger" by judgment is one which has been invoked in aid of justice, but apparent exceptions have freely been built up where strict application of the principle would work injustice. Freeman on Judgments, § 218 et seq.; and cases cited; Clark v. Rowling, 3 N. Y. 216, 220, 53 Am. Dec. 290. As was said by the Court of Appeals in the case just mentioned:

"It is true that the notes as evidence of an indebtedness were merged in the judgment, which, being greater security, operated to extinguish the lesser; but does it therefore follow that the judgment to all intents became a new debt, and that the merger or extinguishment of the notes was so complete as that, for the purpose of protecting the defendants in an equity connected with their original indebtedness, we may not look behind the judgment and see upon what it was founded? *A judgment instead of being regarded strictly as a new debt, is sometimes held to be merely the old debt in a new form, so as to prevent a technical merger from working injustice.*"

The opinion continues by citing many convincing instances from the decisions of this and other states. The reduction of a claim to a judgment enforceable only against specific property is held to create no "merger" of the claim into that judgment, so as to prevent an action in personam. Smith v. Curtiss, 38 Mich. 393. Under various circumstances of bankruptcy, the reduction of a claim to judgment does not "merge" the original debt, where application of the doctrine of "merger" would work injustice. Wyman v. Mitchell, 1 Cow. 316; Raymond v. Merchant, 3 Cow. 147; Betts v. Bagley, 12 Pick. (Mass.) 572. Our New York rule, both of decision and statute (Personal Property Law, § 41, former Code Civ. Proc. § 1912), that where a cause of action is reduced to judgment, and the judgment is subsequently assigned, but is reversed after assignment, the cause of action has passed to the assignee of the judgment, unless the cause of action itself was by nature unassignable, hardly proceeds on the assumption that a judgment is a new, separate, and different debt, rather than a paramount form of the subordinated, but still existent, original debt. And if the original cause of action is extinguished and destroyed by the judgment, what of our rules under which the judgment remains vital proof, under various circumstances, of any facts involved in the essential elements of that cause of action?

Whatever may be the answers to these interrogations as to the precise nature and effect of the "merger," I remain of the opinion that after the judgment of March 11, 1908, had been vacated, the parties stood as though that judgment had never existed at all, and that it constitutes no barrier to the entry of the verdict for the plaintiff in the present action.

The stay originally allowed upon defendant's application may date from the service of the order entered hereon.