JACOB LORILLARD, Respondent, *v.* WILLIAM P. CLYDE et al., Appellants.

Defendant, for a valuable consideration, guaranteed to plaintiff annual dividends of not less than seven per cent upon stock held by the latter in a corporation. In an action upon the guaranty to recover dividends for the years 1877 and 1878, defendants pleaded in bar a judgment in plaintiff's favor in an action brought by him in 1881, to recover dividends for the years 1875 and 1876, in which action defendants pleaded as a bar the pend-

ency of a former action to recover the dividends for 1877 and 1878, the complaint in which action was dismissed subsequent to the trial of the second action. *Held*, that the question as to the validity of the plea in bar was *res adjudicata*, as between the parties, and defendants were estopped by the decision in the second action; also *held*, that it was not essential to raise the objection by pleading, as it appeared in the record of the judgment introduced by defendants, for the purpose of establishing their defense; and that it was not necessary that the record on appeal should show it was raised in the court below; also, that if there was no adjudication in the second action, constituting the estoppel, defendants should have made it appear on the trial of this action and have had some finding in reference thereto.

(Argued March 4, 1886 ; decided March 26, 1886.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made August 11, 1884, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought upon a guaranty executed by defendants, which, wherein also the material facts are stated, is set forth in the opinion.

*B. F. Tracy* for appellants. The true distinction between demands or rights of action which are single and those which are several and distinct is that the former immediately arise out of one and the same contract and the latter out of different acts or contracts. (*Secor* v. *Sturgis*, 16 N. Y. 548; *Ref. Prot. Church* v. *Brown*, 54 Barb. 191; *O'Beirne* v. *Lloyd*, 43 N. Y. 248; *Jex* v. *Jacob*, 19 Hun, 105; *Nathan* v. *Hope*, 77 N. Y. 422.) By the submission to arbitration the actions then pending were discontinued. (*McNulty* v. *Solley*, 95 N. Y. 242.) The plaintiff can have but one recovery upon a single and indivisible cause of action, and whenever a recovery has been had it may be pleaded in bar of any other action pending for the same cause. (*Nicoll* v. *Mason*, 21 Wend. 339; *Duffy* v. *Lyttle*, 5 Watts, 120; *Casebeer* v. *Mowry*, 55 Penn. 419.) The court below erred in holding that the submission to arbitration amounted to nothing more than an agreement to discontinue, and did not amount to an

actual discontinuance of the actions then pending. (*McNulty* v. *Solley*, 95 N. Y. 242, 245; *Wells* v. *Lain*, 15 Wend. 101.) It was plaintiff's duty to enter an order to discontinue if he wished to go into court again. (*Beals* v. *Cameron*, 3 How. 414; *Marston* v. *Lawrence*, 1 Johns. Cas. 397; *Averill* v. *Patterson*, 10 N. Y. 500, 501.) It is now too late to raise the point of *res adjudicata*, it not having been raised upon the trial or upon appeal in the court below. (*Draper* v. *Stouvenel*, 38 N. Y. 219; *Hoffheimer* v. *Campbell*, 59 id. 269; *Thayer* v. *Marsh*, 75 id. 340; *Wellington* v. *Morey*, 90 id. 656.) On a point of *res adjudicata* it is always competent to show what was in fact submitted to and determined by the court, and this may be shown by parol. (*Wilcox* v. *Lee*, 1 Abb. Pr. [N. S.] 250.) The defendants were not bound to plead the former suit pending. They were at liberty to allow the second action to proceed to trial upon the merits, and in case of a recovery by the plaintiff, to plead that recovery in bar to the action first brought. (*Jex* v. *Jacob*, 19 Hun, 105; *Nichol* v. *Mason*, 21 Wend. 339; Code of Civ. Pro., § 1209.)

*Horace Barnard* for respondent. The doctrine of *res adjudicata* extends to every matter which, under the issues, might have been litigated and decided in the suit. (*Barth* v. *Burt*, 43 Barb. 628, 632; *Burdeck* v. *Post*, 12 id. 168; *Le Guen* v. *Gouverneur*, 1 Johns. Cas. 436, 492; *Embury* v. *Connor*, 3 N. Y. 511; *Smith* v. *Smith*, 79 id. 634; Herman's Law of Estoppel, 83, § 81.) All rules of practice give way to the necessities of the case and the demands of justice, and their application is left to the judgment and discretion of the court. (*Secor* v. *Sturgis*, 16 N. Y. 560; *Risley* v. *Squire*, 52 Barb. 280.) The plaintiff could not amend his complaint in this action so as to include the cause of action in the Supreme Court, and was not bound to do so if he could. (*Porter* v. *Kingsbury*, 77 N. Y. 167.) No action can be discontinued without an order, otherwise the court would have no jurisdiction to entertain the motion to discontinue or make any order in the action. (*Carlton* v. *Darcy*, 75 N. Y. 376; *Averill* v. *Patterson*, 10 id. 500; *Coleman* v. *Wade*, 6 id. 49; *Grosvenor*

v. *Hunt,* 11 How. 355 ; *Fanshawe* v. *Heard,* 1 M. & P. 191 ; Graham's Pr. 393 ; *Buel* v. *Dewey,* 22 How. 342–344 ; *Wells* v. *Lain,* 15 Wend. 101 ; *People* v. *Onondaga Com. P.,* 1 id. 314.) A partner has no power to submit to arbitration on behalf of his firm. (*Stead* v. *Salt,* Bing. 101, 103 ; *Karthaus* v. *Ferrer,* 1 Pet. 222, 228 ; *Warrington* v. *Highham,* 13 Barb. 612.) The causes of action are not identical. (*Dawley* v. *Brown,* 79 N. Y. 397 ; *Stowell* v. *Chamberlain,* 60 id. 272 ; *Perry* v. *Dickinson,* 95 id. 345 ; Field on Priv. Corp., § 107 ; *Butler* v. *Gl. Co. St. Co.,* 13 Hun, 47 ; *In re Le Blanc,* 4 Abb. N. C. 221 ; Thompson on Stockholders, § 19 ; *Kelsey* v. *Ward,* 16 Abb. Pr. 98–103 ; affirmed, 38 N. Y. 83 ; approved, 79 id. 398 ; *Nathan* v. *Hope,* 77 id. 422 ; *Perry* v. *Dickerson,* 85 id. 350 ; *Zimmerman* v. *Erhard,* 83 id. 74 ; *Davies* v. *Mayor, etc.,* 93 id. 250–254.)

EARL, J. In May, 1874, the plaintiff and the defendants were the owners of certain vessels used in the transportation business between the cities of New York and Philadephia, and they entered into a mutual agreement for the consolidation of their respective interests and for the formation of a corporation under the laws of this State, with a capital of $300,000, to be divided between them. It was part of the agreement that the defendants should have the management of the corporation and its business, and in consideration thereof they guaranteed to the plaintiff dividends on his stock in the corporation at the rate of not less than seven per cent per annum for seven years. In pursuance of that agreement the interests of the parties were consolidated, the corporation was formed, stock was issued and the business of the corporation entered upon. Dividends were due July 1, 1876, but had not been declared or paid, and in September thereafter the plaintiff brought an action in the Supreme Court in the city of New York to recover the dividends for the two years preceding that date. In September, 1878, the plaintiff commenced another action in the City Court of Brooklyn to recover the dividends for the years 1877 and 1878. Thereafter, on the

15th day of October, 1878, the parties made and executed an arbitration agreement, which recited the litigations then pending, declared it to be for the interests of both parties that the litigations should be terminated, and for the purpose of accomplishing that object they agreed to, and did refer all matters in dispute to an arbitrator named. Soon thereafter the plaintiff revoked and withdrew from the arbitration, and no award was ever made on the submission. The two actions were left pending in the courts, and on the motion of the defendants, which was opposed by the plaintiff, an order was entered in the Brooklyn City Court on the 24th day of October, 1878, dismissing the action commenced therein ; and on the twenty-sixth of the same month, the plaintiff commenced this action in the same court for the same cause, to-wit: to recover the dividends for the years 1877 and 1878. The defendants demurred to the complaint in that action, and the proceedings therein came to this court, and the opinion overruling the demurrer is reported in 86 N. Y. 384. On the 16th day of December, 1878, upon the motion of the defendants, also opposed by the plaintiff, an order was entered in the Supreme Court discontinuing the action commenced therein, as above mentioned ; and on the 18th of November, 1881, the plaintiff commenced an action against the defendants in the Superior Court of the city of New York for the same cause, to-wit : to recover the dividends due for the two years preceding the 1st day of July, 1876. Judgment was recovered in that action against the defendants in April, 1882, for upwards of $15,000. Among other defenses to the present action, that recovery and judgment by a supplemental answer are pleaded in bar. This action was thereafter brought to trial, and a recovery therein had for upwards of $30,000, which has been affirmed in the court below.

At the time of the commencement of this action, and also at the time of the commencement of the action in the Superior Court, all the dividends claimed in both actions were due and payable under the agreement. The claim of the defendant is that all these dividends being due constituted but one cause of

action under the agreement of May 15, 1874, and, therefore, that the plaintiff was bound to include them all in one action, and that his recovery in the Superior Court was a bar to this action; and whether it was or not is the sole question for our determination.

To the action commenced in the Superior Court in which the plaintiff had his first recovery, the defendants interposed this defense, to-wit: "That at the time of the commencement of this action there was and now is another action pending in the City Court of Brooklyn between the same parties as this action, and for the same cause of action as that set forth in the complaint herein." If the defendants are right in their present contention that the plaintiff was entitled to maintain but one action to recover for all of these dividends, and that he had but one cause of action against them, then that was a good defense to that action. But the plaintiff recovered, and thus it was adjudged that that was not a good defense; that this action was not for the same cause of action as that; that both actions could proceed, and that the pendency of one could be no defense to the other. That adjudication estops and binds these defendants, and they cannot now be heard to say that the two actions were commenced for the same cause of action or any portion of the same cause.

But it is contended on behalf of the defendants that this claim of *res adjudicata* was not made by the plaintiff in the court below, either at the trial or at the General Term. But how are we to know this? This record does not show that it was not made, and if it was made, the record would probably not show it. This claim would not appear in the pleadings. It was not necessary for the plaintiff to make it when the defendants introduced the record of the Superior Court judgment for the purpose of establishing their defense. They had the right to put in that record, and its force and effect, upon such evidence as either party chose to give, were then to be determined by the court. The trial judge, in his general findings, makes no allusion whatever to the action and judgment in the Superior Court, except that he finds that that action was for the identical cause which was the subject of the prior action in

the Supreme Court, and he refused to find, as requested by the defendants, that the Superior Court judgment was a bar to this action. We do not see any place in this record where the point, if made, that the Superior Court judgment had estopped the defendants would necessarily or appropriately appear. If for any reason there was no adjudication constituting the estoppel in the Superior Court, as now claimed by the defendants, they were bound to make that appear upon the trial of this action, and they should have had some finding in reference thereto. The only fact placed before us to show that there was no such adjudication in the Superior Court is a quotation from the points used by the counsel for the plaintiff upon the argument of the appeal in this action at the General Term as follows: "The defendants having pleaded the same defense in the New York Superior Court, and waived it upon the trial of that action which occurred prior to this, cannot now present the same defense, such waiver amounting to a consent that the actions be tried as brought." But this is not the proper way to show what took place at the trial of the action. That must be determined by the record, and there we must look to find what was adjudicated, and what rulings, objections and claims were made. At the trial of this action both parties probably had a right to give evidence for the purpose of showing what was adjudicated in the Superior Court action. The defendants could have given evidence, if they had any, to show that the plea in abatement in that action was withdrawn from the consideration of the court, and that there was no adjudication thereon. The plaintiff could have controverted such evidence, and might have shown that the withdrawal or waiver was under such circumstances as to estop the defendants from denying that there were two causes of action, and that they consented that they should be treated as such.

We, therefore, see no answer to the claim made by the plaintiff as to the effect of the adjudication in the Superior Court action, and on that ground the judgment should be affirmed, with costs.

All concur, ANDREWS, J., in result.

Judgment affirmed.