ALEXANDER McANDREW, Respondent, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant.

*Separate actions for damages to person and property respectively, growing out of the same accident — defendant's remedy — supplemental answer.*

When a plaintiff has brought two actions against the same defendant to recover damages for alleged negligence, growing out of the same accident, one being for personal injuries and the other for injuries to personal property, the defendant may set up in each case the pendency of the other action, or may, upon motion, effect a consolidation of the two actions, but is not entitled, after the recovery by the plaintiff of a judgment in one of the actions, to an order, under

section 544 of the Code of Civil Procedure, permitting him to serve a supplemental answer in the other action, setting up such judgment as a bar to any recovery therein.

Appeal by the defendant, the Lake Shore and Michigan Southern Railway Company, from an order of the Supreme Court made at Special Term, and entered in the office of the clerk of Chautauqua county on the 26th day of July, 1892, denying the defendant's motion for leave to serve a supplemental answer to the complaint.

*Charles A. Pooley*, for the appellant.

*George E. Towne*, for the respondent.

Macomber, J.:

It appears that this plaintiff brought two actions against the defendant to recover damages for alleged negligence growing out of the same accident, one of them being for personal injuries sustained by the plaintiff, and the other for the injuries and damage done to his horses, wagon and harness. The action for personal injuries was tried in September, 1891, at the Chautauqua Circuit, and resulted in a verdict for the plaintiff, and the judgment entered thereon has since been paid and satisfied by the defendant. Thereafter the defendant made a motion at the Special Term for an order in the action brought to recover for injuries to the plaintiff's personal property for leave to serve an amended or supplemental answer by which it was sought to set up the judgment in the former action as a bar to any recovery in the second action. From an order denying such motion this appeal is taken.

Section 544 of the Code of Civil Procedure provides: "Upon the application of either party, the court may, and, in a proper case must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made, including the judgment or decree of a competent court, rendered after the commencement of the action, determining the matters in controversy, or a part thereof."

We do not think that the defendant brings itself within the spirit of this section of the Code. Undoubtedly it was competent for the

plaintiff to have joined in the same complaint both causes of action, but not having done so there was open to the defendant one of two courses to pursue : *First,* it being evident that both causes of action grew out of the same casualty, the defendant could have set up in each case the pendency of the other action (*Secor* v. *Sturgis,* 16 N. Y. 554; *Nathans* v. *Hope,* 77 id. 22; *Lorillard* v. *Clyde,* 102 id. 59), or, *secondly,* upon motion to the court, it could have effected a consolidation of the two actions. (Code, § 817.)

The order appealed from should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.