CHASE, J. (dissenting). There is no reported case where the exact contention of the appellant has been sustained, and I am not in favor of extending the right to imprison· for debt. The construction of the statutes so as to authorize a defendant to issue execution against the person of a plaintiff on a judgment against him for costs, where an action has been brought by him for a tort in which he has failed to recover, is based upon a contention in conformity with the principle that "all they that take the sword shall perish with the sword." It is now proposed to further sustain the right to imprison for debt by strictly construing the language of section 15 of the Code of Civil Procedure, so as to authorize the imprisonment of a defendant although he has never taken the sword and although the plaintiff has failed to establish his complaint. By said section 15 it is provided that a person shall not be arrested or imprisoned for the nonpayment of costs awarded otherwise than by a final judgment or a final order made in a special proceeding instituted by a state writ. In this case the judgment of the County Court, reversing the judgment of the justice's court in favor of Losaw, without remanding the case for a new trial, is final, in that it puts an end to this action; but it is not a determination that Losaw committed the wrong charged in the complaint. Smith not only failed in the justice's court to obtain a judgment establishing that Losaw had trespassed upon his real property, but the judgment in the County Court left the controversy wholly undetermined, although a new action can be brought by Smith to recover damages for the wrong claimed by him. In construing the statute we must look to the purpose for which it was enacted. An execution against the person is allowed to compel the payment of a judgment for damages occasioned by a wrong, and as some punishment to the person committing the wrong if he does not pay the damages occasioned thereby. The construction of the statutes contended for by the appellant permits a person, who is wholly innocent of any wrong, to be imprisoned if by some error of the court, for which he is not personally responsible, a judgment in his favor on the merits is subsequently reversed, with costs.

Section 15 of the Code of Civil Procedure seems to have been enacted for the express purpose of preventing an arrest or imprisonment for the nonpayment of costs, unless the wrong charged in the complaint is first finally established against the defendant, or the action is terminated against the plaintiff's contention; and I think it should be so construed in this case, and that the judgment and order should be affirmed, with costs.

---

(48 Misc. Rep. 635)

## DARROW v. CLIPPER MFG. CO.

(Supreme Court, Appellate Term. ˙November 24, 1905.)

JUDGMENTS—RES JUDICATA.

     Plaintiff sued on an account for clips and trays delivered by his assignor on orders running from June 5 to August 19, 1901, but during the trial withdrew all of his claim except for trays, for which judgment was entered in his favor. *Held*, that such judgment was res judicata of plaintiff's subsequent right to recover on a quantum meruit for the clips.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Frederick Darrow against the Clipper Manufacturing Company. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

John T. Smith, for appellant.

George H. Mallory, for respondent.

MacLEAN, J. Heretofore in an action in the City Court between these parties the plaintiff sued for goods sold and delivered by his assignor, consisting of clips and trays itemized in the bill of particulars, and upon orders running from June 5, 1901, to August 19th following. In that action, as appears from the judgment roll, the plaintiff having withdrawn all of his claim, except for trays, judgment was entered upon the verdict of a jury in his favor. Subsequently, and herein in the Municipal Court, the plaintiff, as assignor, declared in three causes for these clips, viz., for work, labor, and services at an agreed sum, upon a quantum meruit, and for goods sold and delivered, and elected to stand upon the second cause. His complaint was dismissed, and properly, for the evidence discloses a running account between the defendant and the plaintiff's assignor, with the rendition of monthly statements of the gross amounts due, and upon orders which were sometimes for trays, sometimes for clips, and sometimes for both, within the dates above mentioned. When suit was brought in the City Court, the claim of the plaintiff was single or entire; for "in the case of a running account, it may be fairly implied that it is in pursuance of an agreement that an account may be opened and continued, either for a definite period or at the pleasure of one or both of the parties" (Secor v. Sturgis, 16 N. Y. 548, 588), and therefore judgment there obtained bars the present claim.

Judgment affirmed, with costs. All concur.