ROYAL LIVE FISH CO. v. CENTRAL FISH CO.

(Supreme Court, Appellate Term.   May 24, 1910.)

SALES (§ 81*)—CONSTRUCTION OF CONTRACT.

Defendant agreed to sell plaintiff all the live carp which it delivered in the city within 11 months, and plaintiff agreed to purchase such fish. The contract provided that not more than one car load should be delivered each week, unless plaintiff requested more, and that, in case no shipment should be made in any week, three days' notice should be given to plaintiff, that it might provide itself with fish from other sources. *Held*, that the contract contemplated that plaintiff should be supplied with at least one car load a week, and a failure to deliver any fish for almost 8 months was a breach of the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 217–223;   Dec. Dig. § 81.*].

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by the Royal Live Fish Company against the Central Fish Company. There was a directed verdict for plaintiff, and defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Frank Harvey Field (Walter L. Glenney, of counsel), for appellant. Charles S. Rosenthal, for respondent.

LEHMAN, J. The plaintiff has recovered judgment for $1,700 deposited with the defendant "as liquidated damages for the good and faithful performance of a certain agreement made between the plaintiff and the defendant." At the trial there was no question raised as to whether or not this deposit was in fact intended to represent liquidated damages for a possible breach of the contract; but the case was tried upon the theory that the plaintiff was entitled to a return of the deposit only if the contract was terminated as a result of a breach by the defendant, and that the defendant was entitled to retain the deposit if the contract was terminated as a result of a breach by the plaintiff. By the terms of the contract the defendant agreed to sell to the plaintiff all the live carp which it delivered in New York within a period of one year from August 1, 1907, and the plaintiff agreed to purchase all such live carp. The contract by its terms contemplated weekly deliveries by the defendant of not more than one car load of live fish, unless requested to bring in more by the plaintiff. It appears undisputed that the agreement was signed on August 28, 1907; that car loads were delivered during the three following weeks, and no further deliveries were made until the following May. The learned trial justice held that these undisputed facts constituted a breach of the agreement on the defendant's part under the terms of the written contract, and directed a verdict in favor of the plaintiff.

The defendant urges that this was error. It claims that it was not obligated by the contract to deliver at least one car load, but that it was obligated not to deliver more than one car load a week. It seeks to put the burden of the contract upon the plaintiff, while reserving to itself an option to deliver fish or not, as it sees fit. We need not now decide whether or not such a contract is enforceable; but we certainly should not seek to place an interpretation upon a contract which would leave the one party bound hand and foot and subject to heavy liquidated damages for a refusal to accept, at a price fixed long in advance, a commodity of fluctuating value, and leave the other party free to deliver the commodity only when the value has fluctuated below the fixed price. The contract is not drawn with such certitude that each clause clearly expresses the meaning of the parties; but when all the clauses are read together, and considered in connection with the situation of the parties, it can hardly be said to be ambiguous. It provides for shipments in each month of the year. The parties could, therefore, not have contemplated that no fish should be sent during the winter. It allows the plaintiff to set the day for deliveries, and provides that, in case no shipment should be made in any week, three days' notice shall be given to the plaintiff, that it may provide itself with fish from

other sources. It seems to me that it clearly contemplated that the plaintiff should be supplied with at least one car load a week; that the defendant agreed to supply this car load, except in unusual circumstances. Such unusual circumstances can hardly be said to exist during a period lasting almost 8 months, when the contract's existence was to be only 11 months. Under the testimony adduced, I think that the trial justice properly directed a verdict.

Judgment should be affirmed, with costs to the respondent. All concur.