ROYAL LIVE FISH CO. v. CENTRAL FISH CO.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

SALES (§ 71*)—CONTRACTS—CONSTRUCTION.

> Defendant agreed to sell plaintiff all the live carp which it delivered in the city within a year. The contract declared that not more than one car load should be delivered each week unless plaintiff requested more, and, if no shipment should be made in any week, three days' notice should be given to plaintiff that it might provide itself with fish from other sources. *Held*, that defendant obligated itself to deliver fish to plaintiff only in the event that it brought fish into the city, and, where it did not do so, it could relieve itself of liability by giving the prescribed notice.
>
> [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 189–196; Dec. Dig. § 71.*]

Appeal from Trial Term, New York County.

Action by the Royal Live Fish Company against the Central Fish Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

See, also, 123 N. Y. Supp. 213.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

Frank Harvey Field, for appellant.
Edward W. S. Johnston, for respondent.

LAUGHLIN, J. This is an action to recover damages for a breach of a contract in writing made between the plaintiff, as party of the second part, and the defendant as party of the first part, on the 1st day of August, 1907. The parties differ with respect to the construction of the contract, and upon the decision of this question of difference between them the plaintiff's right of action depends. The plaintiff claims that the defendant obligated itself by the contract to fur-

nish and deliver to plaintiff in the city of New York at least one car load of live fish per week during the period covered by the contract; and the defendant contends that it was not obligated to bring into the city of New York or to deliver to the plaintiff any live fish in any week, provided it gave plaintiff three days' notice that it would not do so. The contract consists of seven paragraphs. By the first paragraph, defendant agreed to sell and deliver to the plaintiff "promptly on arrival at Fulton Market, Manhattan borough, city of New York, all live carp to be brought by the party of the first part into the city of New York for a period of one year from the date hereof," and not to sell or deliver any live fish so brought into the city of New York to any other individual or corporation, nor to permit or allow the use of its boats or cars in the transportation of live fish by any other individual or corporation during the period of one year; that being the time the contract was to run, except as stated in paragraph 6, which provided that defendant should be at liberty, in the event therein specified, to sell a certain amount of live carp to certain individuals therein named. The second and third paragraphs are as follows:

"(2) The party of the second part hereby agrees to purchase from the party of the first part all such live carp as herein stated, and to pay therefor twelve and one-half (12½) cents for each pound, for all fish delivered during the months of August, October, November, April, May, June and July, and fifteen (15) cents for each pound for all such fish delivered during the months of September, December, January, February and March, and to make payment on each Monday or Saturday fully for all such fish taken prior to such Monday or Saturday.

"(3) The party of the first part agrees to bring into the city of New York and deliver to the party of the second part, each week not more than one car load of live fish unless requested to bring in more by the party of the second part; each car load shall not contain more than from 6,000 to 6,500 pounds during the six summer months, namely, April, May, June, July, August and October, and not more than 8,000 to 8,500 pounds during the other six months, said fish to be alive and in good condition, and every carp shall not exceed three pounds in weight, except one thousand (1,000) pounds thereof in each car load; said fish to be brought and delivered on the days designated by the party of the second part, providing the party of the first part shall receive sufficient notice in case of a change in the days for delivery desired by the party of the second part, and in case the fish shall arrive later than the day designated by the party of the second part, then the party of the second part shall not be obligated to accept the same, provided always that the party of the first part shall have had sufficient notice as aforesaid."

The fourth paragraph gave plaintiff the right once in each month to request the defendant "not to bring in more than one-half car load of live carp containing not more than 4,000 pounds during one week, and in such event, upon notice to the party of the first part, the party of the second part shall not be obliged to take more than one-half car load as stated."

The fifth paragraph is as follows:

"(5) In case no shipment of live carp should be made in any week, three days' notice shall be given to the party of the second part that it may provide itself with fish from other sources."

The contents of the sixth paragraph so far as material have already been stated, and the seventh merely provides for deposit by the plain-

tiff of a sum of money as liquidated damages in the event of its failure to perform. The plaintiff waived any claim for damages with respect to the nondelivery of fish during the first month covered by the contract. In the second month, namely, September, 1907, the defendant delivered three car loads of fish, and it delivered two car loads in the month of May thereafter. With respect to the other weeks covered by the contract, the evidence shows that defendant duly notified the plaintiff that it would not make deliveries of fish under the contract. The plaintiff has recovered the damages it sustained on the theory that it was the duty of the defendant to deliver at least one car load of fish each week, and that it could not relieve itself of that obligation by giving notice pursuant to the provisions of paragraph 5.

On an appeal in a former action brought by plaintiff against defendant to recover the deposit for liquidated damages, the learned Appellate Term construed this contract as obligating the defendant to deliver at least one car load of live fish each week, and that it could not relieve itself of this obligation by giving notice of its inability to deliver or that it would not deliver (Royal Fish Co. v. Central Fish Co., 123 N. Y. Supp. 213), and the learned trial justice followed this construction of the contract, which we are of opinion is erroneous. We think that the defendant by the express terms of the contract not only protected itself against its inability to obtain and deliver fish, but it obligated itself to deliver fish to plaintiff only in the event that it saw fit to bring fish into the New York market. This appears quite clearly from the provisions of the first and second paragraphs of the contract, the material parts of which have been stated. By the provisions of paragraph 5 of the contract, the defendant obligated itself to give the plaintiff three days' notice with respect to each week when it would not deliver fish to the end, as shown by the express terms of the contract, that plaintiff might provide itself with fish from other sources. Moreover, it appears that defendant was unable by ordinary means and methods which it had theretofore employed in its business to obtain the requisite quantity of fish for deliveries during the other weeks.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.