(81 Misc. Rep. 251.)
### FRANK J. LENNON CO. v. NEW YORK MAIL CO.

(Supreme Court, Appellate Term, First Department.  June 24, 1913.)

JUDGMENT (§ 595*)—CAUSES OF ACTION—SEPARATION.

Where plaintiff had a running account for hay and grain sold and delivered to defendant from September 4 to September 30, 1912, he could not split up the account into the several items which composed it, and bring separate actions on the several items; and, having recovered and received satisfaction of a judgment for two of the items of the account, such judgment was a bar to an action to recover the others.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1110; Dec. Dig. § 595.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Frank J. Lennon Company against the New York Mail Company.  From a judgment for plaintiff, defendant appeals.  Reversed and dismissed.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Wilder, Ewen & Patterson, of New York City, for appellant.

George Ryall, of New York City, for respondent.

SEABURY, J.  This is an action for goods sold and delivered by the plaintiff to the defendant.  A running account existed between the parties, and the plaintiff sold and delivered hay and oats to the defendant from September 4 to September 30, 1912.  Originally the plaintiff commenced an action in the City Court for the total amount of the items of this account.  This action was discontinued, and the plaintiff commenced an action for two items of this account, and recovered judgment against the defendant.  This judgment has been paid.  The plaintiff also commenced five other actions against the defendant upon other separate items of this account, and has recovered judgment in each action.  The present appeal is from one of these judgments.

Upon the trial the defendant offered in evidence the judgment recovered by the plaintiff in the first action, and claimed that that judgment was a bar to the present action.  The evidence shows that the plaintiff had one entire and indivisible cause of action against the defendant upon the running account.  This cause of action could not be split up into the several items which composed it.  The plaintiff's demand being entire and incapable of division, and the plaintiff having recovered a judgment for a part of this indivisible demand, the judgment so obtained is a bar to an action for the remainder of the account.  In Guernsey v. Carver, 8 Wend. 492, 24 Am. Dec. 88, it was said that:

"The whole account being due when the first suit was brought, it should be viewed in the light of an entire demand, incapable of division, for the purpose of prosecution.  The law abhors a multiplicity of suits.  According to the doctrine of the court below, a suit might be sustained (after the whole became due) on each separate item delivered, and if any division of the account is allowable, it must no doubt be carried to that extent.  Such a doctrine would encourage intolerable oppression upon debtors, and be a just re-

proach upon the law. The only just and safe rule is to compel the plaintiff on an account like the present to include the whole of it due in a single suit."

The rule enunciated in the case cited has since been continuously followed in this state. Bendernagle v. Cocks, 19 Wend. 207, 32 Am. Dec. 448; Darrow v. Clipper Mfg. Co., 48 Misc. Rep. 635; Secor v. Sturgis, 16 N. Y. 547; Goldberg v. Eastern Brewing Co., 136 App. Div. 692, 121 N. Y. Supp. 465; Pakas v. Hollingshead, 184 N. Y. 211, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601, 6 Ann. Cas. 60. In Parsons on Contracts (9th Ed.) vol. 3, p. 210, it is said:

"But, if at any time he sues for a part only of the sums due, a judgment will be held to be satisfaction of all the sums which could have been included in that action, and were due and payable by the terms of the contract, and therefore no further suit can be maintained on any of them. The reason for this rule is the prevention of unnecessary and oppressive litigation."

It follows that the first judgment which the plaintiff recovered against the defendant was a bar to the present action, and that the judgment was improperly rendered in favor of the plaintiff.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.