(159 App. Div. 151.)

ROYAL LIVE FISH CO. v. CENTRAL FISH CO.

(Supreme Court, Appellate Division, First Department. November 14, 1913.)

1. JUDGMENT (§ 744*)—CONCLUSIVENESS—MATTERS CONCLUDED.

The judgment, in an action by one party to a contract to recover back a deposit made by him to secure his performance of the contract, on the ground that defendant had broken the contract, was conclusive, as to the construction of the contract and the breach by defendant, in a subsequent action to recover damages for the breach.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1278–1281; Dec. Dig. § 744.*]

2. JUDGMENT (§ 948*)—NECESSITY OF PLEADING FORMER ADJUDICATION.

In an action for breach of contract, plaintiff could prove a former judgment to show that it had been adjudicated, that defendant had broken the contract, without pleading such judgment, where no reply was re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

quired by defendant, since it could have been regularly pleaded only by way of reply, and no reply was necessary as a matter of course.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1787–1793; Dec. Dig. §`948.*]

3. APPEAL AND ERROR (§ 1212*)—REMAND—PROCEEDINGS AT NEW TRIAL—EVI-
DENCE.

On the second trial of an action, plaintiff could plead a former judg-ment to show that the construction of the contract involved and defend-ant's breach thereof had already been adjudicated, though such judg-ment was not proved on the first trial, and although the Appellate Divi-sion placed a different construction on the contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4713; Dec. Dig. § 1212.*]

4. JUDGMENT (§ 593*)—BAR—SPLITTING CAUSES OF ACTION.

The judgment, in an action by one party to a contract to recover back a deposit made by him to secure his performance thereof on the ground that defendant had broken the contract, barred a subsequent action by plaintiff to recover damages for the breach of the contract, since, his cause of action for the breach having already accrued, the claim for dam-ages could have been included with his claim for the deposit in one ac-tion.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1108; Dec. Dig. §.593.*]

5. JUDGMENT (§ 593*)—BAR—SPLITTING CAUSES OF ACTION.

Where plaintiff, in an action to recover a deposit made to secure per-formance of a contract, failed to include a claim for damages for defend-ant's breach of the contract, the fact that the several claims would have exceeded the jurisdiction of the court in which the action was brought did not prevent the judgment barring a subsequent action for the breach of contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1108; Dec. Dig. § 593.*]

6. JUDGMENT (§ 948*)—NECESSITY OF PLEADING FORMER ADJUDICATION.

In an action for damages for breach of a contract, where plaintiff in-troduced in evidence the judgment in a former action to recover a deposit made by him to secure performance of the contract to show that the con-struction of the contract and defendant's breach thereof had already been adjudicated, defendant could rely on such judgment as barring plaintiff's pending action, because of his failure to include all his claims in one suit, without pleading such judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1787–1793; Dec. Dig. § 948.*]

Appeal from Trial Term, New York County.

Action by the Royal Live Fish Company against the Central Fish Company. From a judgment dismissing the complaint, plaintiff ap-peals. Affirmed.

See, also, 148 App. Div. 918, 133 N. Y. Supp. 1142.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Benjamin E. Messler, of New York City, for appellant.

George D. Mumford, of Vancouver, B. C., for respondent.

HOTCHKISS, J. Plaintiff sues for damages for breach of a con-tract to deliver fish. A judgment in its favor on a previous trial was reversed in this court (148 App. Div. 173, 132 N. Y. Supp. 1096) on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the ground that the contract did not bind defendant to deliver any fish, and so, lacked mutuality.

[1–3] On the second trial, resulting in the judgment from which this appeal is taken, plaintiff offered in evidence the judgment roll in an action brought by it against this defendant in the City Court to recover $1,700 deposited by it with defendant as "liquidated damages" for any breach of the contract on plaintiff's part. In that action, the judgment in which was rendered before the first trial of this action, plaintiff alleged a failure on defendant's part to deliver fish as provided for in the contract, and claimed a return of its (plaintiff's) deposit. The defendant denied the alleged breach on its part, and set up breaches by plaintiff for which it asked damages, and, as well, sought to recover the value of certain fish which it claimed to have sold and delivered to plaintiff under the contract. A trial of these issues resulted in a verdict in plaintiff's favor for the amount of its deposit, upon which verdict judgment was entered. On appeal to the Appellate Term of this court, the judgment was affirmed. 123 N. Y. Supp. 213. In its opinion, the Appellate Term said, a statement which the record of the case confirms:

"The case was tried upon the theory that the plaintiff was entitled to a return of the deposit only if the contract was terminated as the result of a breach by the defendant and that the defendant was entitled to retain the deposit if the contract was terminated as a result of a breach by the plaintiff."

The contract is dated August 1st. Deliveries had been made of but one car load per week for the three weeks immediately following the making of the contract, and "no further deliveries were made until the following May." The learned trial justice of the City Court held that these undisputed facts constituted a breach of the agreement on defendant's part, and directed a verdict in favor of plaintiff. The construction which the City Court put upon the contract was that it contemplated weekly deliveries by the defendant of at least one car load unless plaintiff requested more, which construction was approved by the Appellate Term. The plaintiff argues that this judgment is res adjudicata as to the proper construction of the contract and as to a breach thereof by the defendant; that it was binding upon the trial court in this action; and that we should accept the construction so adjudicated rather than our own decision on the former appeal in this case. The City Court judgment was not pleaded in this action. Plaintiff claims that it was competent as evidence, and did not have to be pleaded. We think the plaintiff's contentions on this point are sound. Reich v. Cochran, 151 N. Y. 122, 127, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607; Reynolds v. Ætna Life Ins. Co., 160 N. Y. 635, 651, 652, 55 N. E. 305; Rudd v. Cornell, 171 N. Y. 114, 63 N. E. 823. The principle of these cases applies as well to questions of law arising upon the construction of a contract as to disputed questions of fact. Hirshbach v. Ketchum, 84 App. Div. 258, 82 N. Y. Supp. 739; Kohly v. Fernandez, 133 App. Div. 723, 118 N. Y. Supp. 163, affirmed 201 N. Y. 561, 95 N. E. 1131; City of New York v. N. Y. City Ry. Co., 193 N. Y. 543, 86 N. E. 565; Tonnele v. Wetmore, 195 N. Y. 436, 88

N. E. 1068. The plaintiff was not estopped from claiming the benefit of the City Court judgment because of its failure to plead it as a defense or to introduce it in evidence on the former trial. The only way in which the plaintiff could have regularly pleaded the judgment was by way of reply, but no reply was necessary as a matter of course, nor was any reply required by the defendant. Under these circumstances, the judgment is not to be regarded differently from any other species of evidence, and it will not be contended that plaintiff on the second trial was estopped from offering any evidence not offered by him on the first trial, although such evidence might have then been in plaintiff's possession.

[4] It may be conceded that, in a situation where a party is called upon to plead a prior judgment, his failure so to plead it will constitute a waiver; but no such rule can apply in a situation where the party has had no opportunity so to plead or was not required so to do. Beebe v. Elliott, 4 Barb. 457. But the effect of the City Court judgment as an estoppel did not cease here, nor did it rest alone on the principle of res adjudicata which the plaintiff invokes.

We may concede that plaintiff's cause of action to recover the deposit was based upon an implied contract on defendant's part to return the money upon the termination of the contract by defendant's breach of its agreement to deliver, and without breach on plaintiff's part; that such breach by defendant was the cause *for* and not the cause *of* plaintiff's right to the deposit; and that proof of the breach was the evidence by means of which the right to recover the deposit was shown. Conceding all this, it nevertheless is true that, when the City Court action was begun, plaintiff's cause of action for defendant's breach of the contract had already accrued, and the claim for damages plaintiff seeks to enforce in this action could have been included, with his claim for the deposit, in one action.

[5, 6] Under such circumstances, the judgment in the City Court action precluded plaintiff from recovering in this action. Goldberg v. Eastern Brewing Co., 136 App. Div. 692, 121 N. Y. Supp. 465. The fact that the amount of plaintiff's several claims exceeded the jurisdiction of the City Court is immaterial, and does not permit plaintiff to escape from the effect of the rule. It was not necessary for defendant to plead the City Court judgment as a bar because the evidence was contained in the record of that judgment introduced by plaintiff. Lorillard v. Clyde, 102 N. Y. 59, 6 N. E. 104.

The judgment should be affirmed, with costs. All concur.