(85 Misc. Rep. 364)

### KEYS v. HOPPE et al.

(Supreme Court, Appellate Term, First Department.  May 7, 1914.)

JUDGMENT (§ 595*)—BAR—RUNNING ACCOUNT.

Where plaintiffs made arrangements to sell goods to defendants on certain terms, after which defendants ordered goods from time to time without further express contract, and made payments generally, not corresponding to any particular items, which were credited generally to their account, there was an open running account between them, recovery for part of which was a bar to any subsequent suit for other items thereof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1110; Dec. Dig. § 595.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles H. Keys against Otto Hoppe and Christian Hellworth, copartners, etc.  From a judgment for plaintiff, defendants appeal.  Reversed, and complaint dismissed.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Manton Marks, of New York City, for appellants.

Griggs, Baldwin & Baldwin, of New York City (William L. Marshall, of New York City, of counsel), for respondent.

PAGE, J.  Between the 10th day of July, 1913, and the 3d day of October, 1913, inclusive, the plaintiff from day to day sold and delivered merchandise to the defendants at irregular intervals, every few days, upon terms of "30 days and 1 per cent. off in 10 days for cash." On December 2, 1913, the plaintiff's agent presented to the defendants a statement of account, showing a total delivery of goods between the aforesaid dates to the amount of $1,192.25, and showing payments made on account of $100 on September 10th, $275 on October 16th, and $153.64 on November 25th, leaving a balance due of $663.61.  On the 1st day of December, 1913, an action was commenced by the plaintiff in the Municipal Court to recover the contract value of the goods delivered up to and inclusive of August 26, 1913, as shown upon the account rendered December 2, 1913, totaling $797.75, upon which was credited the $100 paid September 10th, and $275 paid October 16th,

leaving a total demand for judgment of $422.75. In that action judgment was taken against the defendants by default and inquest on December 22, 1913.

The present action is brought to recover the balance of the aforesaid account not included in the former action. The defendants claimed at the trial that the facts showed an open and running account between them and the plaintiff, all of which was due at the time the former action was brought, and relied upon the familiar rule of law that judgment in an action for recovery of a part of such an account, brought when the whole account is due, is a bar to a subsequent action for the balance of the account. The plaintiff does not question the rule of law relied upon by the defendants, but claims that the goods for which recovery is sought were delivered under separate and distinct contracts, and the items thereof were not part of an open and running account, so as to form an indivisible cause of action. Secor v. Sturgis, 16 N. Y. 548; Zimmerman v. Erhard, 83 N. Y. 74, 38 Am. Rep. 396. The learned trial justice granted judgment for the plaintiff.

I am of the opinion that this was error. The entire case depended upon whether or not the facts disclosed an open and running account. It appears that the plaintiff's salesman called upon the defendants before the account was started and arranged to sell goods to them upon stated terms, and thereafter as the defendants needed merchandise they ordered same day by day without further express contract. On August 15th a large order was placed with the plaintiff, of which a part was delivered at various times prior to August 30th, and was included in the former action, and a part was delivered subsequently, and forms a portion of the present demand. Payments made on account from time to time did not correspond in amount with any particular items of merchandise sold, and were credited generally against the entire bill. These facts clearly showed an open and running account between the parties, which could not be split up and sued upon in instalments. The former action was therefore a bar to this action. Lennon Co. v. N. Y. Mail Co., 81 Misc. Rep. 251, 142 N. Y. Supp. 483, and cases therein cited.

The judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.