WALKER v. IDEAL GAS & ELECTRIC FIXTURE CO.

(Supreme Court, Appellate Term, First Department.  June 26, 1916.)

1. APPEAL AND ERROR &#9750;673(3)—QUESTIONS PRESENTED BY RECORD.

In a New York suit, where the record is barren of any evidence as to the cause of action on which plaintiff recovered in North Carolina, or whether defendant was served or appeared in the case in such state, contentions on appeal relative to the effect of the North Carolina judgment in the New York suit cannot be decided.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2873; Dec. Dig. &#9750;673(3).]

2. APPEAL AND ERROR &#9750;1169(2)—DISPOSITION OF CASE.

In plaintiff's suit for commissions, where the cause of action was dismissed upon the erroneous assumption that in some way the record showed that a prior judgment in North Carolina was a bar, judgment for defendant could not stand for what was assumed to be the very items for which plaintiff had previously recovered in North Carolina, in an action assumed to have been a binding adjudication.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4532; Dec. Dig. &#9750;1169(2).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by N. L. Walker against the Ideal Gas & Electric Fixture Company. From a judgment dismissing the complaint, and granting

judgment to defendant on its counterclaim, plaintiff appeals. Judgment reversed, and new trial granted.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Nicoll, Anable, Lindsay & Fuller, of New York City (Richard F. Weeks, of New York City, of counsel), for appellant.

Henry W. Sykes, of New York City, for respondent.

BIJUR, J. The written complaint alleges that defendant is a domestic corporation, and that plaintiff performed services for defendant as selling agent "at various times from October 6, 1914"; that the amount of the agreed and reasonable value of the services was $226.86, which had not been paid. For a second cause of action, it alleges that plaintiff brought an action in the state of North Carolina against the defendant, "in which action the defendant was duly served by publication," and that plaintiff recovered in the amount of $108.50, with interest from October 6, 1914, and $5.65 costs; that under the laws of North Carolina "the judgment above mentioned has all the force and effect of a personal judgment"; that, as no part of said judgment, except $102.50, has been paid, the plaintiff is entitled to the difference, amounting to $15.43.

The written answer, apart from mere denials, sets up as a counterclaim that pursuant to the agreement between plaintiff and defendant between October 1, 1913, and March 1, 1915, the plaintiff earned $592.14; that defendant paid the plaintiff $608.44, and, in addition, plaintiff obtained possession of property of the defendant to the value of $102.25; and asks judgment for the $118.55 difference. A second counterclaim charges plaintiff with converting a warrant in favor of defendant for $102.25, issued by the state of North Carolina. No reply appears to have been served. The second counterclaim seems to have been dismissed without objection, and plaintiff apparently withdrew his second cause of action.

The learned judge below dismissed plaintiff's first cause of action at the close of plaintiff's case, apparently on the theory that the judgment pleaded in the second cause of action was a bar to recovery for the services upon which the first cause of action is predicated, under the doctrine that plaintiff could not "split up" his cause of action. Lorillard v. Clyde, 102 N. Y. 59, 64, 6 N. E. 104; Pakas v. Hollinghead, 184 N. Y. 211, 215, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601, 6 Ann. Cas. 60; Lennon Co. v. N. Y. Mail Co., 81 Misc. Rep. 251, 142 N. Y. Supp. 483.

Plaintiff appellant urges, in reply, that this rule has no application, because the judgment in North Carolina was one in rem, the defendant not appearing, and not a personal judgment, citing Hochstein v. Hill Co., 90 Misc. Rep. 557, 153 N. Y. Supp. 899, Ward v. Boyce, 152 N. Y. 191, 46 N. E. 180, 36 L. R. A. 549, and other cases. He contends, further, that the North Carolina judgment could not be interposed as a bar, because it was not so pleaded, citing Westminster Church v. Presbytery of N. Y., 211 N. Y. 214, 105 N. E. 199, and other cases.

Finally, on this matter of the judgment, he claims that, if the judgment was a bar to the present action, it could only have been so held

on the theory that it was a binding adjudication upon both plaintiff and defendant in personam, and that, as it was an adjudication that plaintiff was entitled to more than the $102.25, the defendant was barred from recovering at all upon his counterclaim.

Against this defendant respondent contends that plaintiff himself pleads that the judgment in North Carolina was in effect a personal judgment against the defendant, and in response to the suggestion that defendant should have pleaded the judgment in bar alleges that that was unnecessary, because the plaintiff himself had fully pleaded the judgment and its effect, citing Royal Live Fish Co. v. Central Fish Co., 159 App. Div. 151, 144 N. Y. Supp. 21.

[1] These many interesting contentions pro and con cannot be decided on this appeal, because the record is barren of any evidence as to the cause of action upon which plaintiff recovered in North Carolina, or whether defendant was served or appeared in the action in that jurisdiction. The only reference I can find in the stenographer's minutes to the cause of action is a statement of plaintiff's counsel in a colloquy with the court reading:

"Besides that, that [the North Carolina suit] wasn't for services embraced in this cause of action at all. It was for services embraced in prior dealings all of which—
"The Court: Motion to dismiss granted."

So far as the proceedings in the North Carolina suit are concerned, the only information contained in the record is a statement by the plaintiff to the court:

"The voucher [for $102.25] I think was issued and the sheriff took the voucher.
"The Court: By attachment?
"The Witness: Yes, sir.
"Defendant's Counsel: Issued by you?
"The Witness: * * * Attachment was issued by me."

[2] It might be said that, in view of the fact that, by reason of insufficient pleadings and absence of proof, the entire incident of the North Carolina judgment might be disregarded, the record should be dealt with as presenting merely an issue of fact, namely, as to the state of account between the plaintiff and the defendant. But, in the first place, the record is so confused and uncertain as to what the respective parties contend was the real understanding between them as to the basis for plaintiff's commission under the alleged mutual agreement that I should find it difficult to determine whether a judgment either way had sufficient support in the testimony. In the next place, the fact remains that plaintiff's cause of action for commissions was dismissed upon the erroneous assumption that in some way the record showed that the prior judgment was a bar.

In such state of the record, there can be no recovery by the defendant for what was assumed to be the very items for which the plaintiff had previously recovered in another jurisdiction in an action also assumed to have been a binding adjudication between the parties. It is impossible to escape the conclusion that, in the interest of clarity and justice, the judgment must be reversed, and new trial granted with $30 costs to appellant to abide the event. All concur.